

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

July 30, 2024

**BY ECF**
The Honorable Analisa Torres
United States District Judge
United States District Courthouse
500 Pearl Street
New York, NY 10007

                          Re:   *Estate of Tamar Kedem Siman Tov v. UNRWA*,
                                    24 Civ. 4765 (AT)

Dear Judge Torres:

       Pursuant to 28 U.S.C. § 517, the United States of America, by and through its attorney, Damian Williams, United States Attorney for the Southern District of New York, respectfully submits this letter in the above-captioned action brought against the United Nations Relief and Works Agency ("UNRWA") and several current and former United Nations ("U.N.") officials. The United States acknowledges and deplores the profound losses suffered on October 7. At the request of the United Nations and in accordance with the United States' treaty obligations to respect the immunities of the United Nations and its officials, we explain the application of those immunities in this case.[1] In light of the United Nations' immunity, the Court lacks subject matter jurisdiction over the United Nations. *See Georges v. United Nations*, 834 F.3d 88, 98 (2d Cir. 2016). Similarly, the individual U.N. defendants enjoy immunity for their official actions, and two of the individual defendants, by virtue of their high-ranking positions, also enjoy diplomatic immunity. The United States takes no position on the factual allegations in the complaint.

---

[1] 28 U.S.C. § 517 provides that the "Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

## BACKGROUND

### A. The Complaint

Plaintiffs are Israeli citizens who lost family members in the October 7, 2023, attacks by Hamas in Israel and the estates of those who lost their lives in the attacks. *See* ECF No. 1 ("Complaint") ¶¶ 15-506. Plaintiffs allege that UNRWA, along with Philippe Lazzarini, Under-Secretary-General of the United Nations and Commissioner-General of UNRWA, Filippo Grandi, U.N. High Commissioner for Refugees and former Commissioner General of UNRWA, Pierre Krähenbühl, former Commissioner-General of UNRWA, Leni Stenseth, Sandra Mitchell, and Margot Ellis, former Deputy Commissioners-General of UNRWA, and Greta Gunnarsdottir, Director of UNRWA's Representative Office in New York (together, the "Individual Defendants"), aided and abetted Hamas in the commission of international torts on October 7. *Id*. ¶¶ 545-616.

Specifically, Plaintiffs allege that UNRWA and the Individual Defendants knowingly provided monetary and material support to Hamas to build its "terror infrastructure" leading up to the October 7 attacks. *Id*. ¶ 2. Plaintiffs allege that UNRWA facilitated the construction of Hamas command and control centers, permitted weapons storage in UNRWA facilities, and concealed rocket and rocket-launching materials on UNRWA premises. *Id*. ¶ 543. Plaintiffs further allege that UNRWA chose Hamas-approved textbooks for its schools that were used to indoctrinate children against Israel. *Id*. ¶¶ 588-616.

Plaintiffs also allege that UNRWA knew several local staff were affiliated with Hamas and paid staff "in a fashion calculated to further enrich Hamas." *Id*. ¶¶ 580-86. These staff members (who are not named defendants) allegedly participated in the October 7 attacks, including by torturing hostages. *Id*. ¶¶ 566-67. Plaintiffs allege that UNRWA ultimately sent over a billion U.S. dollars to Gaza to benefit Hamas. *Id*. ¶ 6.

Plaintiffs allege that the Individual Defendants "directed, ratified, and/or facilitated" Hamas' actions. *Id*. ¶ 515. The claims against former UNRWA officials are brought only for their actions during their time at UNRWA and not for any act or omission following their departure from UNRWA's employment. *Id*. ¶ 516.

### B. Procedural History

Plaintiffs filed the complaint in this action on June 24, 2024. Complaint. On July 2, 2024, the Court ordered counsel for all parties to submit a joint letter and proposed case management plan and scheduling order by August 23, 2024. ECF No. 13.

On July 17, 2024, the United Nations informed the United States Mission to the United Nations that service was attempted on several of the defendants. *See* U.N. Letter dated July 17, 2024, from Miguel de Serpa Soares, Under-Secretary-General for Legal Affairs and United Nations Legal Counsel, to Linda Thomas-Greenfield, Permanent Representative of the United States to the United Nations, annexed hereto as Exhibit 2.

Specifically, on July 10, 2024, the summons and complaint in this action were left at the UNRWA office in Washington, D.C. *See id*. at 1. On July 15, 2024, the summons and complaint were left at the address of defendant Ms. Ellis. *See id*. The summonses state that the defendants must respond to the complaint within 21 days of service upon penalty of default. *See id*. at 10, 179.

Further, defendants Messrs. Krähenbühl and Grandi received letters, both dated July 2, 2024, from counsel for Plaintiffs notifying them of the lawsuit and providing a copy of the complaint and a request that they waive service of summons. *See id*. at 2.

The United States makes this submission pursuant to 28 U.S.C. § 517, consistent with the United States' obligations as host nation to the United Nations and as a party to treaties governing the privileges and immunities of the United Nations.

## DISCUSSION

### A.    The U.N. Enjoys Immunity From this Action.

The United Nations is absolutely immune from suit and legal process absent an express waiver of immunity. Article 105(1) of the Charter of the United Nations, to which the United States acceded in 1945, provides that the United Nations "shall enjoy in the territory of each of its Members such privileges and immunities as are necessary for the fulfilment [sic] of its purposes." U.N. Charter, art. 105, § 1. The Convention on the Privileges and Immunities of the United Nations (the "General Convention"), which the United Nations adopted shortly after the U.N. Charter, and to which the United States acceded in 1980, further defines the United Nations' privileges and immunities, and specifically provides that "[t]he United Nations, its property and assets wherever located and by whomsoever held, shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity." General Convention, art. II, § 2, adopted Feb. 13, 1946, 21 U.S.T. 1418, 1 U.N.T.S. 16, §2.

United States courts have determined that the General Convention is a self-executing treaty and interpreted this provision as affording absolute immunity to the United Nations. *E.g., Brzak v. United Nations*, 597 F.3d 107, 112 (2d Cir. 2010) ("the United Nations enjoys absolute immunity from suit unless it has expressly waived its immunity"). It is thus well established that the United Nations and its subsidiary organs are absolutely immune from suit in domestic courts. *See, e.g., Georges v. United Nations*, 834 F.3d 88, 98 (2d Cir. 2016); *Brzak*, 597 F.3d at 112.

The Executive Branch, and specifically the Department of State, is charged with maintaining relations with the United Nations, and so its views on the General Convention are entitled to great weight. *See Kolovrat v. Oregon*, 366 U.S. 187, 194 (1961); *Tachiona v. United States*, 386 F.3d 205, 216 (2d Cir. 2004). Such deference is particularly warranted where, as here, the United States' views on the meaning of its treaty obligations are shared by the United Nations. Letter dated June 26, 2024, from Miguel de Serpa Soares, Under-Secretary-General for Legal Affairs and United Nations Legal Counsel, to Linda Thomas-Greenfield, Permanent Representative of the United States to the United Nations,

annexed hereto as Exhibit 1 (stating that, *inter alia*, the United Nations, including UNRWA, is entitled to immunity from suit pursuant to the U.N. Charter and the General Convention); *see also, e.g., Sumitomo Shoji America, Inc. v. Avagliano*, 457 U.S. 176, 185 (1982) (where parties to a treaty agree on the meaning of the treaty provision, and interpretation "follows from the clear treaty language, [the court] must, absent extraordinarily strong contrary evidence, defer to that interpretation").

Consistent with the applicable treaty language and the Executive Branch's and the United Nations' views, courts repeatedly, and indeed to the United States' knowledge uniformly, have recognized that "[u]nder the Convention the United Nations' immunity is absolute, subject only to the organization's express waiver thereof in particular cases." *Boimah v. United Nations General Assembly*, 664 F. Supp. 69, 71 (E.D.N.Y. 1987); *see also, e.g., Askir v. Boutros-Ghali*, 933 F. Supp. 368, 371 (S.D.N.Y. 1996). Indeed, controlling Second Circuit authority recognizes the United Nations' absolute immunity. *See Brzak*, 597 F.3d at 112 ("The United Nations enjoys absolute immunity from suit unless 'it has expressly waived its immunity'"); *Georges,* 834 F.3d at 98 (citing *Brzak*). As the *Brzak* district court held, "where, as here, the United Nations has not waived its immunity, the General Convention mandates dismissal of Plaintiffs' claims against the United Nations for lack of subject matter jurisdiction." *Brzak*, 551 F. Supp. 2d 313, 318 (S.D.N.Y. 2008).

UNRWA is an integral part of the United Nations. It was established by U.N. General Assembly Resolution 302 (IV) in 1949 as a subsidiary organ of the United Nations General Assembly. *See* Ex. 1. UNRWA's mandate has been repeatedly extended by the U.N. General Assembly, most recently in December 2022, until June 30, 2026. *See* G.A. Res. 77, U.N. Doc. A/RES/77/123 (Dec. 12, 2022). In December 2023, the U.N. General Assembly also adopted a resolution entitled "Assistance to Palestine Refugees," in which it reaffirmed the General Assembly's position that the agency's work continued to be necessary. *See* G.A. Res. 77, U.N. Doc. A/RES/77/123 (Dec. 7, 2023).

As an integral part of the United Nations, UNRWA enjoys the privileges and immunities of the United Nations. *See* Ex. 1 ("as an integral part of the United Nations, UNRWA is entitled to the privileges and immunities provided for in the general convention"); *see also Georges v. United Nations*, 84 F. Supp. 3d 246, 249 (S.D.N.Y. 2015) ("MINUSTAH, as a subsidiary body of the UN, is also immune from suit."), *aff'd*, 834 F.3d 88 (2d Cir. 2016); *Laventure v. United Nations*, 279 F. Supp. 3d 394, 400 (E.D.N.Y. 2017) ("a UN subsidiary ... enjoys the same privileges and immunities as the UN under the [General Convention]"), *aff'd*, 746 F. App'x 80 (2d Cir. 2018), *cert denied*, 140 S. Ct. 108 (2019); *Sadikoglu v. United Nations Development Programme*, No. 11 Civ. 294 (PKC), 2011 WL 4953994, at *3 (S.D.N.Y. Oct. 14, 2011) ("because [defendant U.N. Development Programme] – as a subsidiary program of the UN that reports directly to the General Assembly – has not waived its immunity, 'the [General Convention] mandates dismissal of Plaintiff['s] claims against the United Nations for lack of subject matter jurisdiction'" (quoting *Brzak*, 551 F. Supp. 2d at 318)); *Boimah*, 664 F. Supp. at 71 (finding that the General Assembly enjoys the same immunities as the United Nations); *Shamsee v. Shamsee*, 428 N.Y.S.2d 33 (N.Y. App. Div. 1980) (finding that the U.N. Joint Staff Pension

Fund enjoys the United Nations' immunities); *Hunter v. United Nations*, 800 N.Y.S.2d 347, 2004 WL 3104829 (N.Y. Sup. Ct. 2004) (finding that UNICEF, as a U.N. agency, enjoys the United Nations' immunities).

In this case, the United Nations has not expressly waived its immunity, which "requires a clear and unambiguous manifestation of the intent to waive." *United States v. Chalmers*, 05 Cr. 59 (DC), 2007 WL 624063, at *2 (S.D.N.Y. Feb. 26, 2007); *see also Baley v. United Nations*, No. 97-9495, 1998 WL 536759, at *1 (2d Cir. June 29, 1998) (affirming dismissal where the United Nations "informed this Court by letter that it has not waived its immunity from suit" and plaintiff "presented no evidence of such a waiver"); *Van Aggelen v. United Nations,* No. 06 Civ. 8240 (LBS), 2007 WL 1121744, at *1 (S.D.N.Y. Apr. 12, 2007) ("[T]he U.N. has specifically invoked its immunity in this case by letter to the (then) U.S. Ambassador to the U.N. ... Because the U.N. is immune from suit and has not waived its immunity the claims against it must be dismissed with prejudice."); *De Luca v. United Nations Org*., 841 F. Supp. 531, 533 n.1 (S.D.N.Y. 1994) ("Plaintiff has not alleged that the U.N. has expressly waived its immunity in this instance and no evidence presented in this case so suggests."), *aff'd*, 41 F.3d 1502 (2d Cir. 1994); *Klyumel v. United Nations*, No. 92 Civ. 4231 (PKL), 1992 WL 447314, at *1 n.1 (S.D.N.Y. Dec. 4, 1992) ("There is no allegation in the complaint of any express waiver in the instant case, and the [United Nations'] rejection of attempted service on two occasions would appear to 'manifest [ ] an intent not to waive immunity in this particular instance.'") (citation omitted).

To the contrary, the United Nations has asserted its immunity.  On June 26, 2024, Miguel de Serpa Soares, the United Nations Legal Counsel, wrote to Linda Thomas-Greenfield, Permanent Representative of the United States to the United Nations, stating: "I hereby respectfully wish to inform you that the United Nations has not waived and is expressly maintaining its immunity with respect to the claims in [the instant] Complaint." Ex. 1 at 3; *see also id.* at 1 (requesting "the competent United States authorities to take appropriate action to ensure full respect for the privileges and immunities of the United Nations and its officials"); *id.* at 4 ("the United Nations has not waived, and indeed, expressly maintains the privileges and immunities of the United Nations and its officials in respect of [the instant matter]"). On July 17, 2024, in a letter from Mr. de Serpa Soares to Ms. Thomas-Greenfield, the United Nations reiterated that "the United Nations has not waived, and indeed expressly maintains and reaffirms the privileges and immunities of UNRWA and the named current and former United Nations officials in respect [to the] Complaint." Ex. 2 at 2.

Furthermore, it is the plaintiff's burden to demonstrate that the United Nations has waived its immunity, *see Baley*, 1998 WL 536759, at *1; *D'Cruz v. Annan*, 05 Civ. 8918 (DC), 2005 WL 3527153, at *1-2 (S.D.N.Y. Dec. 22, 2005) (dismissing claims against the United Nations where "plaintiff has failed to allege facts demonstrating that immunity from suit has been waived"), *aff'd*, 223 F. App'x 42 (2d Cir. 2007); *Bisson v. United Nations*, No. 06 Civ. 6352 (PAC) (AJP), 2007 WL 2154181, at *10 (S.D.N.Y. July 27, 2007) ("[t]he burden is on [plaintiff] to prove the [United Nations] waived immunity, [but plaintiff] has not met that burden"), *report and recommendation adopted* by 2008 WL 375094 (S.D.N.Y.

Feb. 11, 2008), and Plaintiffs' complaint does not set forth any theory by which the United Nations has waived its immunity.[2]

Accordingly, because the United Nations has not waived its immunity in this case, its subsidiary organ, UNRWA, continues to enjoy absolute immunity from suit, and this action should be dismissed as against defendant UNRWA for lack of subject matter jurisdiction.

### B.     Defendants Lazzarini and Grandi Enjoy Diplomatic Immunity.

Defendants Lazzarini and Grandi, by virtue of their ranks as Under-Secretaries General of the United Nations, *see* Ex. 1 at 3 ("Mr. Lazzarini and Mr. Grandi currently hold the official rank of Under-Secretary General of the United Nations, pursuant to Article V, Section 19 of the General Convention"), are entitled to diplomatic immunity.

As with the United Nations and its subsidiary bodies, the General Convention governs the immunity of the officials of the United Nations and its subsidiary bodies. In particular, the General Convention grants "the Secretary-General and all Assistant Secretaries General ... the privileges and immunities … accorded to diplomatic envoys, in accordance with international law." General Convention, art. V, § 19. The rank of Under Secretary General is higher than Assistant Secretary General, and accordingly afforded immunities under Section 19. *See Deng v. United Nations*, No. 22 Civ. 5539 (LTS), 2022 WL 3030437, at *3 (S.D.N.Y. July 29, 2022) ("senior executives of the UN—including the Secretary General of the United Nations, Under Secretaries-General and Assistant Secretaries-General of the United Nations—enjoy full diplomatic immunity"); *Georges v. United Nations*, 84 F. Supp. 3d at 249 (S.D.N.Y. 2015) (Under-Secretary-General entitled to diplomatic immunity); *Brzak*, 551 F. Supp. 2d at 318-319 (U.N. High Commissioner on Refugees entitled to diplomatic immunity).

The privileges and immunities accorded to diplomats in the United States in accordance with international law are those set forth in the Vienna Convention on Diplomatic Relations (VCDR), which entered into force with respect to the United States in 1972. 23 U.S.T. 3227, TIAS No. 7502, 500 UNTS 95. Article 31 of the VCDR provides that diplomatic agents, among other immunities, "enjoy immunity from the civil and administrative jurisdiction" of the receiving State—here, the United States except with respect to (a) privately-owned real estate; (b) performance in a private capacity as an executor, administrator, heir or legatee; and (c) professional or commercial activities other than official functions. *See id*. at art. 31. The purpose of diplomatic immunity under the VCDR is "to protect the interests of comity and diplomacy among nations[.]" *Devi v. Silva*,

---

[2]     Neither the absence of a U.N.-specific dispute resolution mechanism for tort victims, *see Georges*, 834 F.3d at 93-94, nor a plaintiff's allegations of wrongdoing or improper motive can serve as waivers or otherwise alter the United Nations' absolute immunity under the General Convention, *see Askir v. Boutros-Ghali*, 933 F. Supp. 368, 373 (S.D.N.Y. 1996) ("plaintiff's allegations of malfeasance do not serve to strip the United Nations or [the individual defendant] of their immunities afforded under the U.N. Convention").

861 F. Supp. 2d 135, 142-43 (S.D.N.Y. 2012). Federal courts, including the Second Circuit, repeatedly have recognized the immunity of United Nations officials pursuant to the General Convention and the VCDR. *See, e.g., Brzak*, 597 F.3d at 113 (noting that, under the VCDR, "current diplomatic envoys enjoy absolute immunity from civil and criminal process"); *see also Georges*, 84 F. Supp. 3d at 250 (concluding that U.N. Secretary-General and Assistant Secretary General enjoy diplomatic immunity).

Accordingly, Under-Secretary-General Lazzarini and High Commissioner Grandi both enjoy diplomatic immunity from the suit by virtue of their position as senior U.N. officials with the rank of under-secretary-general, and this action should be dismissed as against them for lack of subject matter jurisdiction.

### C. The Individual Defendants Enjoy Immunity for Their Official Acts.

The U.N. Charter provides that "officials of the Organization shall ... enjoy such privileges and immunities as are necessary for the independent exercise of their functions in connection of the organization." Art. 105(2). Article V, Section 18(a) of the General Convention provides that U.N. officials enjoy a number of privileges and immunities, including that they are to "be exempt from legal process in respect of words spoken or written and all acts performed by them in their official capacity ….".[3] Under this provision, both current and former U.N. officials, regardless of rank, enjoy immunity from suit for all acts performed in their official capacity. *See Van Aggelen v. United Nations*, 311 F. App'x 407, 409 (2d Cir. 2009); *McGehee v. Albright*, 210 F. Supp. 2d 210, 218 n.7 (S.D.N.Y. 1999) (applying this immunity to then-Secretary-General Annan), *aff'd*, 208 F.3d 203 (2d Cir. 2000); *see also De Luca v. United Nations Org.*, 841 F. Supp. 531, 534 (S.D.N.Y. 1994) (recognizing former high-level U.N. officials as entitled to immunity), *aff'd*, 41 F.3d 1502 (2d Cir. 1994).

In addition to the treaty obligations of the United States to afford official acts immunity to U.N. officials, Section 7(b) of the International Organizations Immunities Act, 22 U.S.C. § 288 *et seq.* ("IOIA"), similarly provides that U.N. officials are immune from suit and legal process "relating to acts performed by them in their official capacity and falling within their functions as ... officers or employees, except insofar as such immunity may be waived" by the United Nations. 22 U.S.C. § 288d(b).

The United States hereby conveys to the Court the position of the United Nations that the Individual Defendants are entitled to immunity in this matter as "the claims made

---

[3] Article V, Section 17 of the General Convention provides that the Secretary-General will specify the categories of officials to whom the provisions of Article V, Sections 18 and 19 apply. In 1946, the General Assembly approved the Secretary-General's proposal to apply the privileges and immunities of Article V of the General Convention to "all members of the staff of the United Nations, with the exception of those who are recruited locally and are assigned to hourly rates." G.A. Res. 76 (I), U.N. Doc. A/RES/76(I) (Dec. 7, 1946). The current and former U.N. officials who have been sued in this case are not in the excepted category.

by the plaintiffs against all the individual defendants in the [] Complaint relate to actions undertaken or alleged omissions by them in the performance of their official functions." Ex. 1 at 3.  The United Nations' views concerning the scope of immunity owed to U.N. officials should normally be accorded a high degree of deference.  *See* Difference Relating to Immunity from Legal Process of a Special Rapporteur of the Commission of Human Rights, 1999 I.C.J. 62, 87, available at 1999 WL 33210678 (Apr. 29, 1999).  Further, the United Nations has not waived the immunity of the Individual Defendants, and has in fact expressly asserted their immunity in relation to the Complaint.  *See* Ex. 1 at 3; Ex. 2 at 2.

Thank you for your consideration of this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By: */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2633
Email: tara.schwartz@usdoj.gov