# United Nations ⬥ Nations Unies

HEADQUARTERS · SIEGE    NEW YORK, NY 10017
TEL.: 1 (212) 963.1234 · FAX: 1 (212) 963.4879

REFERENCE: 2024-OLC-000420

26 June 2024

Excellency,

<u>Complaint in the United States District Court for the
Southern District of New York—*Estate of Tamar Kedem Siman Tov, et al. v.
United Nations Relief and Works Agency ("UNRWA"), et al.*</u>

I write to inform you that the United Nations has become aware of the filing of the above-mentioned Complaint filed on 24 June 2024 by Estate of Tamar Kedem Siman Tov, et al. against the United Nations Relief and Works Agency for Palestine Refugees in the Near East ("UNRWA") and in their official capacities, (i) Mr. Philippe Lazzarini, Under-Secretary-General of the United Nations and Commissioner-General of UNRWA; (ii) Mr. Pierre Krähenbühl, former Commissioner-General of UNRWA; (iii) Mr. Filippo Grandi, former Commissioner-General of UNRWA, now United Nations High Commissioner for Refugees; (iv) Ms. Leni Stenseth, former Deputy Commissioner-General of UNRWA; (v) Ms. Sandra Mitchell, former Deputy Commissioner-General of UNRWA; (vi) Ms. Margot Ellis, former Deputy Commissioner-General of UNRWA; and (vii) Ms. Greta Gunnarsdottir, Director of the UNRWA Office in New York. The Complaint is related to the mandated functions of UNRWA.

With the present letter, I respectfully request the competent United States authorities to take appropriate action to ensure full respect for the privileges and immunities of the United Nations and its officials, in accordance with the obligations of the United States under both international and United States law.

Her Excellency
Ms. Linda Thomas-Greenfield
Permanent Representative of the United States
 to the United Nations
New York

As you are aware, the United Nations is an international inter-governmental organization established pursuant to the Charter of the United Nations (hereinafter referred to as "the UN Charter"), a multilateral treaty signed on 26 June 1945. The UN Charter was ratified by the Government of the United States of America on 8 August 1945 and came into force in the United States on 24 October 1945. *See* UN Charter, 59 Stat. 1031 (1945), *reprinted* in 1945 U.S. Code Cong. &Admin. News, 961 *et seq*.

As an international organization, the United Nations has been accorded certain privileges and immunities which are necessary for the fulfilment of its purposes. Article 105 of the UN Charter provides the general basis for the privileges and immunities of both the United Nations and its officials. Pursuant to Article 105, paragraph 1 of the UN Charter, "[t]he Organization shall enjoy in the territory of each of its Members such privileges and immunities as are necessary for the fulfilment of its purposes". Article 105, paragraph 2 provides that "officials of the Organization shall similarly enjoy such privileges and immunities as are necessary for the independent exercise of their functions in connexion with the Organization". Article 105, paragraph 3 stipulates that "[t]he General Assembly may make recommendations with a view to determining the details of the application of paragraph 1 [...] of this Article or may propose conventions to the Members of the United Nations for this purpose". UN Charter, Art. 105,1945 U.S. Code Cong. &Admin News, at 985.

In order to give effect to Article 105 of the UN Charter, the General Assembly of the United Nations adopted the Convention on the Privileges and Immunities of the United Nations (hereinafter referred to as "the General Convention") on 13 February 1946. 1 U.N.T.S. 15 (1946), General Convention, Art. II, 21 U.S.T. at 1422. The United States of America acceded to the General Convention on 29 April1970. 21 U.S.T. at 1418; [1970] TIAS No. 6900. UNRWA was established pursuant to General Assembly Resolution 302 (IV) of 8 December 1949 and, as an integral part of the United Nations, UNRWA is entitled to the privileges and immunities provided for in the General Convention.

Article II, Section 2 of the General Convention provides that "[t]he United Nations, its property and assets wherever located and by whomsoever held, shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity. It is, however, understood that no waiver of immunity shall extend to any measure of execution". The immunity provided for under Article II is absolute and is neither qualified nor limited in any way under the terms of the General Convention. Any exception to the provision that an express waiver is required would render the applicable immunity void and risk the United Nations being embroiled

in litigation in its 193 Member States, thereby defeating the purpose of the immunity granted to it by its Member States.

I hereby respectfully wish to inform you that the United Nations has not waived and is expressly maintaining its immunity with respect to the claims in the above-mentioned Complaint.

With respect to the named individual defendants, I wish to note that pursuant to Article V, Section 18(a) of the General Convention, they are "immune from legal process in respect of words spoken or written and all acts performed by them in their official capacity". Such immunity from legal process shall continue to be accorded notwithstanding that the individuals concerned are no longer employed by the United Nations. Furthermore, as Mr. Lazzarini and Mr. Grandi currently hold the official rank of Under-Secretary-General of the United Nations, pursuant to Article V, Section 19 of the General Convention, both enjoy "the privileges and immunities, exemptions and facilities accorded to diplomatic envoys, in accordance with international law". Pursuant to Article 31 of the Vienna Convention on the Diplomatic Relations, 500 UNTS 95 (18 April 1961), which entered into force with respect to the United States on 13 December 1972, 23 U.S.T. 3227; TIAS No. 7502, diplomatic envoys enjoy immunity from criminal, civil and administrative jurisdiction of the host country.

Pursuant to Article V, Section 20 of the General Convention, it is the Secretary-General who has the sole authority to waive the immunity of officials of the Organization. In this case, the claims made by the plaintiffs against all the individual defendants in the above-mentioned Complaint relate to actions undertaken or alleged omissions by them in the performance of their official functions. Specifically, the Complaint alleges that "[e]ach of the Individual Defendants, during their respective time in UNRWA's senior management, directed, ratified, and/or otherwise facilitated the wrongful policies and actions of UNRWA complained of herein". With regards to the defendants who are no longer affiliated with UNRWA, the Complaint states that the claims against them relate to "acts or omissions during their tenure with UNRWA but not for any act or omission following their departure from UNRWA's employment". Therefore, Mr. Lazzarini and Mr. Grandi enjoy both diplomatic immunity and functional immunity under the General Convention, and Mr. Krähenbühl, Ms. Stenseth, Ms. Mitchell, Ms. Ellis and Ms. Gunnarsdottir, enjoy or continue to enjoy functional immunity in relation to the present Complaint. The immunity of these current or former officials has not been waived and the United Nations is expressly asserting the immunity of Mr. Lazzarini, Mr. Krähenbühl, Mr. Grandi, Ms. Stenseth, Ms. Mitchell, Ms. Ellis and Ms. Gunnarsdottir in relation to the above-referenced Complaint.

UNITED NATIONS   NATIONS UNIES

PAGE 4

Pursuant to Section 34 of the General Convention, the Government of the United States undertook an obligation to be "in a position under its own law to give effect to the terms of this Convention". Any interpretation of the provisions of the General Convention must be carried out within the spirit of the underlying principles of the United Nations, and in particular Article 105 thereof, which provides that "the Organization shall enjoy such privileges and immunities as are necessary for the fulfillment of its purposes".

In view of the above, please be advised that the United Nations has not waived, and indeed, expressly maintains the privileges and immunities of UNRWA and the named current and former United Nations officials in respect of the above-mentioned Complaint in the United States District Court for the Southern District of New York.

I wish to further advise you that to my knowledge, a summons and the Complaint have not been duly served on the United Nations or the current and former United Nations officials referred to. In line with the foregoing, the United Nations maintains its immunity in respect of any attempts for service on the Organization and the individuals listed as defendants in the Complaint, and would not, accept such service.

In this connection, I wish to recall that Article 9 (a) of the Agreement regarding the Headquarters of the United Nations, approved by the General Assembly on 31 October 1947, provides that the service of legal process in the Headquarters District can only take place with the consent of and under conditions prescribed by the Secretary-General. The Secretary-General of the United Nations has not prescribed any conditions under which service would be allowed. Accordingly, the United Nations has not agreed to service and, in the absence of its consent, no service against UNRWA or United Nations officials have been duly effected in this matter.

Please accept, Excellency, the assurances of my highest consideration.

*[signature]*

Miguel de Serpa Soares
Under-Secretary-General for Legal Affairs
and United Nations Legal Counsel