# Exhibit G



# UNITED NATIONS APPEALS TRIBUNAL
# TRIBUNAL D'APPEL DES NATIONS UNIES

Judgment No. 2018-UNAT-851

### Nemrawi

### (Appellant)

### v.

### Commissioner-General
### of the United Nations Relief and Works Agency
### for Palestine Refugees in the Near East

### (Respondent)

## JUDGMENT

| Before: | Judge Richard Lussick, Presiding |
| | Judge Sabine Knierim |
| | Judge Deborah Thomas-Felix |
| Case No.: | 2018-1139 |
| Date: | 29 June 2018 |
| Registrar: | Weicheng Lin |

| Counsel for Mr. Nemrawi: | Self-represented |
| Counsel for Commissioner-General: | Rachel Evers |

THE UNITED NATIONS APPEALS TRIBUNAL

Judgment No. 2018-UNAT-851

JUDGE RICHARD LUSSICK, PRESIDING.

1.      The United Nations Appeals Tribunal (Appeals Tribunal) has before it an appeal against Judgment No. UNRWA/DT/2017/035, rendered by the Dispute Tribunal of the United Nations Relief and Works Agency for Palestine Refugees in the Near East (UNRWA DT or UNRWA Dispute Tribunal and UNRWA or Agency, respectively) on 12 November 2017, in the case of *Nemrawi v. Commissioner-General of the United Nations Relief and Works Agency for Palestine Refugees in the Near East.* Mr. Khaled Yasin Nemrawi filed the appeal on 9 January 2018, and the Commissioner-General filed an answer on 16 March 2018.

## Facts and Procedure

2.      The following facts are uncontested:[1]

> ...      On 8 February 2011, the Applicant entered the service of UNRWA as a Teacher in the Jordan Field, at Grade 8, Step 01, on a fixed-term appointment expiring on 7 February 2014. The Applicant's appointment was subsequently extended to 7 February 2018.

> ...      In a document titled "Notes on performance improvement discussions – unofficial session" dated 2 December 2014 and signed by the Applicant and his supervisor, specific areas for improvement were identified for the Applicant.

> ...      On 4 December 2014, the Applicant was placed on an informal Opportunity to Improve ("OTI") process of 90 days. The informal OTI process included objectives and performance indicators.

> ...      On 11 February 2015, the Applicant met with his immediate supervisor for the midpoint review of his yearly Electronic Performance Evaluation Report ("ePER"). The ePER states:

>> The performance of the staff member is sub-par. The quality of work and/or meeting the objectives and indicators agreed upon at the beginning of the year did not meet expectations and there have been no exceptional circumstances that would prevent him from meeting expectations. No noticeable improvement has been made in terms of the criteria despite the support and guidance provided by the supervisor.

> ...      Follow up meetings were held on 10 March 2015 and 20 April 2015. A document titled "Notes on performance improvement discussions – unofficial session" dated 20 April 2015 and signed by the Applicant and his supervisor, indicates

---

[1] Impugned Judgment, paras. 2-19.

THE UNITED NATIONS APPEALS TRIBUNAL

that a test which was given on 19 April 2015, to evaluate the Applicant's students yielded unsatisfactory results (only 6 percent passed). The document also indicates that the Applicant had been informed of his unachieved objectives and advised to prepare a remedy plan for immediate implementation. Another document in the case files shows that a second test to evaluate the students was given on 23 April 2015, and yielded equally unsatisfactory results (7 percent passed).

...      By letter dated 26 April 2015, the Area Education Officer ("AEO"), Irbid Area Office, drew the Applicant's attention to the importance of improving his work and to the negative consequences if the situation did not improve.

...      On 26 April 2015, the Applicant's immediate supervisor noted in an email to the Human Resources Assistant that the Applicant's performance had not improved and requested to place him on a formal OTI process.

...      The Applicant was enrolled in a formal OTI program from 3 May 2015 to 7 October 2015. The Applicant agreed to the OTI working plan, which set out the unachieved objectives and corresponding performance indicators, and included a list of remedial actions.

...      The Applicant acknowledged on 17 June 2015 that the overall rating of "Does not fully meet expectations" on his ePER had been explained to him by his immediate supervisor. The ePER covered the period from 1 September 2014 to 31 August 2015.

...      Three progress reports for the periods of 3 May to 20 May 2015, 21 May to 21 June 2015 and 1 September to 30 September 2015 showed no improvement in the Applicant's performance. The Applicant signed each of these reports.

...      By email dated 21 October 2015 to the Chief Field Education Programme ("CFEP"), the Head Field Human Resources Office extended the Applicant's formal OTI process for another 90 days.

...      Three progress reports were made for the period 11 October 2015 to 10 January 2016 based on class visits, class tests and meetings with the Applicant during which his supervisor explained to him the best method of attaining discipline in the classroom and handed him educational material on the issue. The progress reports showed very little improvement if none at all. The pass rates for the 8th grade students on three tests to evaluate their level in the Arabic language were at unacceptable levels of 23 percent, 15 percent and 19 percent respectively.

...      On 6 January 2016, the Education Specialist (Arabic) sent a memorandum to the AEO summarising the major technical shortcomings in the performance of the Applicant for the period 10 October 2015 to 10 January 2016.

...      On 10 January 2016, the issue of the Applicant's performance was referred to the CFEP.

THE UNITED NATIONS APPEALS TRIBUNAL

...      On 21 January 2016, the CFEP confirmed that the Applicant's performance had failed to improve and recommended his separation.

...      By letter to the Applicant dated 22 February 2016, the Director of UNRWA Operations, Jordan ("DUO/J") informed the Applicant that his services would be terminated in the interest of the Agency, effective 22 March 2016, for unsatisfactory performance.

...      On 21 April 2016, the Applicant requested a decision review. No response was given by the Agency.

...      On 2 August 2016, the Applicant submitted an application to the UNRWA Dispute Tribunal (...). (...)

3.      The UNRWA Dispute Tribunal rendered its Judgment on 12 November 2017, dismissing the application in its entirety.  It found that when terminating Mr. Nemrawi's services for poor performance, the Agency had acted in compliance with UNRWA Area Staff Regulation 9.1 and with the informal and formal OTI process and the deadlines and extensions outlined in UNRWA Area Personnel Directive PD/A/23 (Performance Management).  The UNRWA DT further stated that it failed to see any arbitrariness or bias in the manner in which the Agency had conducted the OTI process, in its attempts to improve Mr. Nemrawi's performance or in its decision to terminate his appointment as the decision had been taken in the interest of the Agency, notably to have competent teachers providing sound learning to their students. Mr. Nemrawi's underperformance and lack of improvement by the end of the lengthy, transparent and duly conducted OTI process justified the decision to terminate his appointment. Since no breach of legal rights was found and Mr. Nemrawi had failed to substantiate his allegations of harm, the UNRWA DT denied his request for remedies.

## Submissions

### Mr. Nemrawi's Appeal

4.      Mr. Nemrawi submits that the UNRWA DT erred in adopting the Commissioner-General's reply without properly assessing the fundamentals of the situation and without examining the evidence provided.

5.      Mr. Nemrawi claims that the impugned Judgment was not convincing for the following reasons: (i) The UNRWA DT only mentioned low pass rates and failed to take note of a 32 per cent pass rate in one of the exams he conducted; (ii) he has a document proving that he is

THE UNITED NATIONS APPEALS TRIBUNAL

diabetic and that his blood sugar increased after the school had notified him of his separation; (iii) the UNRWA DT failed to mention that he had received an "EP" (unknown abbreviation) certificate for Teachers Education/Rehabilitation; and (iv) the UNRWA DT failed to mention the student work sheets and activities that he used while teaching.

6.      Based on the foregoing, Mr. Nemrawi seeks the following remedies: (i) reinstatement to his post; (ii) an order for his "supervisors to study all the reports submitted and discuss [his] termination"; and (iii) financial compensation of about USD one million.

**The Commissioner-General's Answer**

7.      The Commissioner-General submits that the appeal is not founded on any of the grounds of appeal provided for under the Appeals Tribunal Statute.  As such, the appeal is defective as the Appeals Tribunal jurisprudence has consistently held that it is not sufficient for an appellant to simply state his disagreement with the outcome of his case or repeat the arguments submitted before the UNRWA Dispute Tribunal.  By simply asserting that the UNRWA DT erred without criticizing the reasons underlying the dismissal of his application or identifying any evidence that the UNRWA DT allegedly failed to consider, Mr. Nemrawi is in effect rearguing his case before the Appeals Tribunal.  To the extent that Mr. Nemrawi may be contending that the UNRWA DT erred on a question of law by adopting the Commissioner-General's reply without properly assessing the substance of the case and examining the evidence provided, there is no merit in such a contention as the UNRWA DT referenced the applicable provisions, examined the record and properly concluded that the contested decision was justified.

8.      The Commissioner-General further asserts that the UNRWA DT did not err as a matter of fact, law or procedure when it dismissed Mr. Nemrawi's application.  The UNRWA DT was cognizant of the applicable provisions and was correct in its conclusion, in view of the record of unsatisfactory performance, that the Commissioner-General had acted pursuant to the Agency's regulatory framework and had established a solid basis for the decision to terminate Mr. Nemrawi's services.  As a consequence, there is no basis for a consideration of the remedies sought by Mr. Nemrawi.

9.      In light of the foregoing, the Commissioner-General requests that the Appeals Tribunal dismiss the appeal in its entirety.

### THE UNITED NATIONS APPEALS TRIBUNAL

Judgment No. 2018-UNAT-851

## Considerations

10.     As an appellant, Mr. Nemrawi has the burden of establishing that the UNRWA DT Judgment is defective within the meaning of Article 2(1) of the Appeals Tribunal Statute (Statute). He must therefore identify the alleged defects in the Judgment and state the grounds relied upon in asserting that the Judgment is defective, by citing the relevant provision or provisions in Article 2(1) of the Statute.[2]

11.     Article 2(1) of the Statute provides that: [3]

> The Appeals Tribunal shall be competent to hear and pass judgement on an appeal filed against a judgement rendered by the United Nations Dispute Tribunal in which it is asserted that the Dispute Tribunal has:
>
> > (*a*) Exceeded its jurisdiction or competence;
> >
> > (*b*) Failed to exercise jurisdiction vested in it;
> >
> > (*c*) Erred on a question of law;
> >
> > (d) Committed an error in procedure, such as to affect the decision of the case; or
> >
> > (*e*) Erred on a question of fact, resulting in a manifestly unreasonable decision.

12.     Article 2(1) of the Statute is supplemented by Article 8(2) of the Appeals Tribunal Rules of Procedure which provides that:

> The appeal form shall be accompanied by:
>
> > (*a*) A brief that explains the legal basis of any of the five grounds for appeal set out in article 2.1 of the statute of the Appeals Tribunal that is relied upon (...).

13.     Mr. Nemrawi's appeal is defective in that it fails to identify any of the five grounds of appeal set out in Article 2(1) as forming the legal basis of his appeal.  The immaterial matters that he submits in his very brief appeal are that the UNRWA DT mentioned only the low pass rates, that there was a 32 per cent pass rate not mentioned in the Judgment, that the

---

[2] *Abdel Rahman v. Commissioner-General of the United Nations Relief and Works Agency for Palestine Refugees in the Near East*, Judgment No. 2016-UNAT-610, para. 20; *Aliko v. Secretary-General of the United Nations*, Judgment No. 2015-UNAT-540, para. 28.
[3] On 11 December 2009, a Special Agreement was entered into between the Secretary-General of the United Nations and UNRWA's Commissioner-General by which UNRWA accepted the jurisdiction of the Appeals Tribunal to hear appeals from the judgments of the UNRWA DT, pursuant to Article 2(10) of the Appeals Tribunal Statute.

THE UNITED NATIONS APPEALS TRIBUNAL

Judgment No. 2018-UNAT-851

UNRWA DT did not mention that he has an "EP" teacher training certificate, nor did it mention worksheets and the activities he conducted with the students, and that he is ill with diabetes and his blood sugar increased after the notice of his separation was issued.

14.    Mr. Nemrawi is obviously not happy with the UNRWA DT Judgment, but it is not sufficient for him merely to indicate that he disagrees with it.[4]  He has not complied with his statutory obligation as an appellant, in that nothing that he has pleaded is capable of demonstrating that the UNRWA DT has committed an error of fact or law warranting the intervention by the Appeals Tribunal.

15.    The UNRWA DT was cognisant of the applicable regulatory framework and Mr. Nemrawi has not demonstrated that it made any error in its conclusion that "when terminating [Mr. Nemrawi]'s services for poor performance, the Respondent acted in compliance with the Area Staff Regulations and Rules, the informal and formal OTI processes, and the deadlines and extensions as outlined in PD/A/23".[5]

16.    Nor has Mr. Nemrawi demonstrated any error in the UNRWA DT's finding that he had not provided any evidence in support of his claims that the Agency's decision was arbitrary or prejudiced.  In this regard, the UNRWA DT found that[6]

> there is no bias in the decision to terminate [his] appointment as it was taken in the interest of the Agency, notably to have a competent teacher provide sound learning to the students attending the Agency's schools.  Indeed, if [he] had not been terminated, it is the students who would be wronged as he would not be able to get them to an appropriate pass level.

17.    Indeed, the record shows that he was given many opportunities by UNRWA to improve his performance, to no avail.  In this regard, the UNRWA DT found that "[t]he Agency painstakingly made sustained and abundantly documented efforts to improve [his] shortcomings, in [his] own interest and in the students' interest".[7]

18.    The UNRWA DT was correct to deny Mr. Nemrawi's claim for compensation of USD one million, having determined that such a claim had no basis in fact or in law.

---

[4] *Aliko v. Secretary-General of the United Nations*, Judgment No. 2015-UNAT-540, para. 28.
[5] Impugned Judgment, para. 33.
[6] *Ibid.*, para. 47.
[7] *Ibid.*, para. 45.

### THE UNITED NATIONS APPEALS TRIBUNAL

19.     Mr. Nemrawi has not established that the UNRWA DT's Judgment is defective in any way and the appeal must fail.

## Judgment

20.     The appeal is dismissed and Judgment No. UNRWA/DT/2017/035 is affirmed.

Original and Authoritative Version:   English

Dated this 29th day of June 2018 in New York, United States.

|          (Signed)          |          (Signed)          |          (Signed)          |
| :------------------------: | :------------------------: | :------------------------: |
| Judge Lussick, Presiding   | Judge Knierim              | Judge Thomas-Felix         |

Entered in the Register on this 10th day of August 2018 in New York, United States.

(Signed)

Weicheng Lin, Registrar