# Exhibit I



# UNITED NATIONS APPEALS TRIBUNAL
# TRIBUNAL D'APPEL DES NATIONS UNIES

Case No. 2010-182

**Tabari**

**(Appellant)**

v.

**Commissioner-General of the
United Nations Relief and Works Agency
for Palestine Refugees in the Near East**

**(Respondent)**

## JUDGMENT

| Before: | Judge Luis María Simón, Presiding |
| | Judge Sophia Adinyira |
| | Judge Kamaljit Singh Garewal |
| Judgment No.: | 2011-UNAT-177 |
| Date: | 21 October 2011 |
| Registrar: | Weicheng Lin |

Counsel for Appellant:     Not represented

Counsel for Respondent:     W. Thomas Markushewski

THE UNITED NATIONS APPEALS TRIBUNAL

Judgment No. 2011-UNAT-177

**JUDGE LUIS MARÍA SIMÓN,** Presiding.

### Synopsis

1.      This Court reiterates its jurisprudence that not taking a decision may constitute a decision subject to judicial review.

2.      We hold that there is no discrimination when the non-payment of a special compensation for working in hazardous duty stations is based on a *general* consideration of a category of staff members, in comparison to another category of staff members.  The different treatment becomes discriminatory when it affects negatively the rights of certain staff members or categories of them, due to unlawful reasons.  But when the approach is general or abstract, by categories, there is no discrimination, if the difference is motivated in the pursuit of general goals and policies and it is not designed to treat individuals or categories of them unequally. Since Aristotle, the principle of equality means equal treatment of equals; it also means unequal treatment of unequals.

3.      In the present case, this Court dismissed the appeal because it did not find illegality or breach of the principle of equal pay for equal work in the administrative act of not awarding Mr. Diab Tabari hazard pay under that name.  We find that the decision is consistent with the general treatment of the area staff members of the United Nations Relief and Works Agency for Palestine Refugees in the Near East (UNRWA), who are not entitled, under their terms of appointment, to that kind of payment, in contrast to the international staff members of the same Agency or staff members subject to the common system of the United Nations.

### Facts and Procedure

4.      Mr. Tabari joined UNWRA on 1 June 1989 as an Administrative Assistant under a temporary indefinite appointment as an area staff member, initially for one year.  His appointment has been successively extended.   In 2007 when he initiated an appeal, Mr. Tabari was an Administrative Officer in UNRWA's Lebanon Field Office.

5.      Between 14 July 2006 and 21 September 2006 (Emergency Period), Lebanon was declared a Hazardous Duty Station by the International Civil Service Commission (ICSC) on the recommendation of the Under-Secretary-General for Safety and Security.

THE UNITED NATIONS APPEALS TRIBUNAL

Judgment No. 2011-UNAT-177

6.      In her statement to the Fourth Committee of the General Assembly on 31 October 2006, the UNRWA Commissioner-General referred to the issue of hazard pay:

> On the question of staff security, I wish to draw your attention once again to the fact that UNRWA's Palestinian staff are the only UN employees in Israel and the occupied territory who do not receive hazard pay.  As we have done repeatedly in past years, we appeal for your support in addressing this anomalous situation.  While the issue of hazard pay has been an ongoing concern in West Bank and Gaza, it was brought into sharp focus by the vulnerability of our staff during the Lebanon conflict.

7.      In a memorandum dated 27 November 2006, the Field Administrative Officer advised Mr. Tabari that

> [i]n view of the difficult conditions under which many Area Staff in the Lebanon Field worked during the above Emergency period, the Commissioner-General has approved an exceptional one time payment which will be included in your November salary. This one-time payment is based on the days each staff member reported to duty during the Emergency period, (rounded off to a full week; i.e. each seven day period 1-7 days, 8-14 days etc).

8.      In a memorandum dated 21 December 2006 to Director, UNRWA Affairs, Lebanon, Mr. Tabari requested the hazard pay for the period from 14 July 2006 to 21 September 2006 because "Lebanon became a Hazardous Duty Station effective 14 July 2006" and also because it "[wa]s a staff right" to receive such payment.  Mr. Tabari calculated the amount of the hazard pay due to him to be USD 436.80 (USD 7.80/day x 56 days) for his work during the Emergency Period.

9.      On 21 February 2007, not having heard from the UNRWA Administration, Mr. Tabari appealed to the UNRWA Area Staff Joint Appeals Board (Area Appeals Board).

10.      In its report dated 22 January 2009, the Area Appeals Board recommended that Mr. Tabari's appeal be dismissed.  In its view, Mr. Tabari, as an area staff member, "does not fall within the category of employees eligible for payment of hazard pay".  It concluded that hazard pay was not a contractual right as it was neither mentioned in Mr. Tabari's letter of appointment not provided for in the Area Staff Rules.  It also concluded that the non-inclusion of hazard pay in the entitlements to the area staff did not constitute an appealable administrative decision.  On 11 December 2009, the UNRWA Commissioner-General endorsed the recommendation of the Area Appeals Board to dismiss Mr. Tabari's appeal.

THE UNITED NATIONS APPEALS TRIBUNAL

11.     By letter dated 8 September 2010, Legal Advisor, UNRWA, informed Mr. Tabari that he could appeal the decision taken by the Commissioner-General to the United Nations Appeals Tribunal (Appeals Tribunal) within 90 days from the receipt of her letter. On 10 December 2010, the Registry received an appeal from Mr. Tabari. On 24 January 2011, the Commissioner-General filed an answer.

12.     During the fall session, on 11 October 2011, the Panel reviewing the present case sought information from the parties that could shed light on when, how and why it was decided to award hazard pay to international staff members working for UNRWA, but not to the UNRWA area staff members.  Both parties provided additional information.

**Submissions**

**Mr. Tabari's Appeal**

13.     It is discriminatory and illegal for the UNRWA Administration to pay hazard pay to international staff, but not to the area staff.

14.     In her statement to the Fourth Committee of the General Assembly on 31 October 2006, the Commissioner-General "clearly admit[ted]" the right for the UNRWA staff to receive hazard pay.  Also the ICSC Chairperson clearly confirmed the right of the UNRWA locally recruited area staff to receive hazard pay.[1]  The right for the UNRWA area staff to hazard pay was thus established, whether this entitlement is included in the rules or published in administrative issuances.

15.     The decision not to pay Mr. Tabari hazard pay is an appealable decision.

**Commissioner-General's Answer**

16.     The Commissioner-General did not err as a matter of law when she dismissed Mr. Tabari's appeal in light of the recommendation of the Area Appeals Board as the

---

[1] In a letter dated 13 August 2004 to the UNRWA Commissioner-General, the ICSC Chairman stated that the ICSC members were "sympathetic" to the request made by the Federation of International Civil Servants' Associations (FISCA) for the payment of hazard pay to the UNRWA area staff.  He continued that the ICSC "recognized that you [Commissioner-General] have made every effort to secure funds for the purpose, but it noted that there would be limited success in the absence of support from donor member states.  It was the view of the Commission that the relevant funds should however be made available through the regular budget as an obligation from member states."

THE UNITED NATIONS APPEALS TRIBUNAL

Judgment No. 2011-UNAT-177

terms and conditions of his employment do not include the payment of hazard pay, and the UNRWA area staff are not part of the United Nations Common System.  The Commissioner-General submits that the non-payment of hazard pay to Mr. Tabari as an UNRWA area staff member did not constitute an appealable administrative decision.

17.     The absence of a response to Mr. Tabari's request for hazard pay does not constitute an appealable administrative decision inasmuch as hazard pay was not a term of his appointment and the non-payment therefore had no legal consequences.

18.     Neither the Commissioner-General's statement to the Fourth Committee of the General Assembly nor UNRWA's one-time exceptional payment to Mr. Tabari constituted an express or implied term of Mr. Tabari's terms of appointment, an "acquired" contractual right to hazard pay, or an administrative decision.

### Considerations

19.     On the issue of receivability of the present appeal, we rely on the ruling of this Court in a previous case submitted by the same staff member that "UNRWA's submission that there is no administrative decision in this case cannot be accepted because not taking a decision is also a decision".[2]

20.     On 21 December 2006, Mr. Tabari requested the award of hazard pay for the period from 14 July 2006 to 21 September 2006, on the ground that Lebanon became a Hazardous Duty Station effective 14 July 2006 and that it was a staff right to receive such payment.

21.     The absence of any response on the part of the UNRWA Administration to that request for hazard pay constitutes an appealable administrative decision because it is considered an implied unilateral decision with direct legal consequences.  Consequently, that decision is subject to judicial review under Article 2(1) of the Statute of the Appeals Tribunal.

22.     While we rely on the findings in Judgment No. 2010-UNAT-030 to dispose of the issue of receivability, we do not think that the conclusions of that judgment apply to the current situation, as the corresponding facts and legal consequences are different.

---

[2]  *Tabari v. Commissioner-General of the United Nations Relief and Works Agency for Palestine Refugees in the Near East,* Judgment No. 2010-UNAT-030

23.     In Judgment No. 2010-UNAT-030, the alleged discrimination related to an anomaly of the calculation of compensation, affecting individually Mr. Tabari, the claimant, while fixing the appropriate level of that remuneration.  It concerned discrimination against a person in comparison with other individuals in the *same* category of staff members.

24.     In the present case, however, the discrimination is allegedly based on a comparison between Mr. Tabari, the claimant, and the staff members of a *different* category.  Mr. Tabari is essentially pleading that an area staff member of UNRWA should be treated equally as an international staff member.

25.     The general principle of "equal pay for equal work" enshrined as a right under Article 23(2) of the Universal Declaration of Human Rights does not prevent the legislative body or the Administration from establishing different treatments for different categories of workers or staff members, if the distinction is made on the basis of lawful goals.

26.     There is no discrimination when the non-payment of a special compensation for working in hazardous duty stations comes from a *general* consideration of a category of staff members, in comparison to another category of staff members.  The different treatment becomes discriminatory when it affects negatively the rights of certain staff members or categories of them, due to unlawful reasons.  But when the approach is general by categories, there is no discrimination, when the difference is motivated in the pursuit of general goals and policies and when it is not designed to treat individuals or categories of them unequally.  Since Aristotle, the principle of equality means equal treatment of equals; it also means unequal treatment of unequals.

27.     Therefore, in the present case, we find no illegality in the administrative act of not awarding Mr. Tabari hazard pay under that name, because it is part of the general treatment of the area staff members of UNRWA, who are not entitled, under their terms of appointment, to that kind of payment, in contrast to the international staff members of the same Agency.

28.     It is clear, from the illustrative submissions of both parties, that historically the UNRWA area staff members are not part of the United Nations common system of salaries, allowances or other conditions of service, and that their conditions of employment are governed by the Agency's regulations, rules and letters of appointment,

THE UNITED NATIONS APPEALS TRIBUNAL

which are not the same as those set forth in the common system or with respect to the international staff members working for UNRWA.

29.     The different treatments, throughout years, have been based on a policy that takes into account that primarily the area staff members are refugees providing to their fellow refugees governmental-type services, which they could continue to provide as civil servants upon the just resolution of the question of Palestine refugees and the termination of UNRWA's mandate.

30.     In contrast, the international staff members working for UNRWA participate in the United Nations common system and receive hazard pay under the general regulations and rules.

31.     It is also clear, from the parties' submissions, that the General Assembly has several times stated that the authority to award hazard pay to UNRWA area staff members rests with the UNRWA Commissioner-General.

32.     Therefore, to grant or not to grant hazard pay to area staff members as Mr. Tabari depends on the policies, procedures, rules and discretionary – but non-arbitrary - distribution of the budget by the UNRWA Administration.  It also depends on the legislative determination of budgetary priorities of distribution.

33.     Several times in the past, the UNRWA Commissioner-General has awarded exceptional payments to the area staff members.  Indeed Mr. Tabari has received such payments, although he claims to be entitled to a different amount and form of calculation, requesting the same hazard pay as the international staff members.

34.     The terms of Mr. Tabari's appointment in the unique system of UNRWA's regulations and rules do not provide that entitlement for him.  Neither does the different treatment meted out to him and other similarly situated area staff members seem to violate, in the present case, the general principle of equal pay for equal work. The Commissioner-General's statement to the General Assembly in favour of granting hazard pay cannot be reasonably interpreted as creating a legal commitment to do so with respect to the UNRWA area staff.  Hence, the UNRWA Administration has not broken any law by not awarding Mr. Tabari the same amount of hazard pay paid to UNRWA's international staff members.

THE UNITED NATIONS APPEALS TRIBUNAL

Judgment No. 2011-UNAT-177

35.     Under these circumstances, granting the present appeal would mean to substitute UNRWA's lawful authority to administer the budget relating to its staff and to assume legislative prerogatives to rule on the matter of hazard pay and redesign the general policies of that Agency.

36.     This Court does not find any infringement of Mr. Tabari's rights in the present case. We observe that this matter should have been submitted through the collective negotiation of the working conditions to UNRWA's legislative or administrative branches.

### Judgment

37.     The appeal is dismissed in its entirety.

Original and authoritative version:          English

Done this 21st day of October 2011 in New York, United States.

(*Signed*)                           (*Signed*)                           (*Signed*)

Judge Simón, Presiding          Judge Adinyira          Judge Garewal

Entered in the Register on this 2nd day of December 2011 in New York, United States.

(*Signed*)

Weicheng Lin, Registrar