# HEIDEMAN NUDELMAN & KALIK, PC

5335 WISCONSIN AVENUE, NW
SUITE 440
WASHINGTON, DC 20015
TELEPHONE 202.463.1818
TELEFAX  202.463.2999
www.HNKlaw.com
attorneys@HNKlaw.com

**BY ECF**

September 20, 2024

The Honorable Analisa Torres
United States District Judge
United States District Courthouse
500 Pearl Street
New York, NY 10007

        Re: *Estate of Tamar Kedem Siman Tov v. UNWRA*
           24 Civ 4765 (AT)
           Motion for Leave to File Amicus Brief

Dear Judge Torres:

    We are counsel for the Amici. Pursuant to Rule 7.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York and in accordance with the Court's inherent authority hereby moves for leave to file the attached amicus curiae brief in support of the Plaintiffs.

    The organizations who are parties to this brief have a unique interest in this matter and a vested interest in the outcome of this case because of the extreme legal precedent this case may set to allow terror organizations and those who commit genocide to escape liability for their terrorist acts by hiding behind the cloak of immunity afforded by the United Nations charter. The activities of UNRWA fall far outside of the immunity intended by the Convention on the Privileges and Immunities of the United Nations, 21 U.S.T. 1418, which applies only to the United Nations itself, not to the myriad agencies, like UNRWA, which are affiliated with the UN.

    The Amici seek to assist the Court by providing additional perspective and legal analysis and believe that their participation with these additional insights are highly relevant to the issues at hand.

    There is no governing standard, rule or statute prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (citations and internal quotation marks omitted). Instead, the decision to grant leave to file a brief as amicus curiae is in the firm discretion of the court. *Id*. (*citing Jamaica Hosp. Medical Center, Inc. v. United Health Group, Inc*., 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008)); see also *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), aff'd, 980 F.2d 161 (2d Cir. 1992). Nevertheless, this Court looks to the Federal Rules of Appellate Procedure, which provides a rule

for the filing of an amicus brief, and also considers the instances when an amicus brief serves a laudable, rather than distractive, purpose. *See Lehman XS Tr., Series 2006-GP2*, 2014 WL 265784, at *1.

Amicus curiae briefs serve to aid courts in understanding the broader implications of legal rulings, particularly when complex issues or far-reaching public consequences are at stake. The role of an amicus brief is especially important where it offers a unique perspective or expertise that is not adequately covered by the litigants (*See United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994); *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-CV-7935, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014)). Given the complexity and potential public impact of the issues before the Court, the Proposed Amici respectfully submits that their contribution will aid in the fair and equitable resolution of this matter.

For the foregoing reasons, we respectfully request that this Court grant leave to file the attached amicus curiae brief in support of Plaintiff.

                                        Respectfully Submitted,

                                        Noel J. Nudelman
                                        Joseph H. Tipograph
                                        HEIDEMAN NUDELMAN & KALIK, PC
                                        5335 Wisconsin Ave., NW, Suite 440
                                        Washington, DC  20015
                                        202-463-1818

Proposed Brief Attached