USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   10/18/2024

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ESTATE OF TAMAR KEDEM SIMAN TOV, BY HEIR-AT-LAW GAD KEDEM, ET AL.,** *Plaintiffs,* <br><br> v. <br><br> **UNITED NATIONS RELIEF AND WORKS AGENCY ("UNRWA"), ET AL.,** <br><br> *Defendants.* | No. 1:24-CV-4765 |

## MOTION OF FORMER FOREIGN POLICY OFFICIALS AND INTERNATIONAL LAW EXPERTS FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF PLAINTIFFS

Pursuant to Rule 7.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, *Amici Curiae*, represented by undersigned counsel, respectfully move this Court for leave to file a brief in the above-captioned case in support of Plaintiffs. Counsel for Plaintiffs consent to this motion. The United States Government (the "Government") has not responded to counsel's request for permission. If permitted to appear, *Amici* request that this Court consider the brief submitted as Exhibit A to this Motion, in conjunction with the Motion itself.

"There is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court.'" *Onandaga Indian*

*Nation v. State of New York*, No. 97-CV-445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997) (quoting *U.S. v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y.1991)). "As such, the decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc*., No. 12 CIV. 7935 ALC, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014). From the perspective of the court, granting leave hinges upon whether the information provided in the proposed brief is both "timely and useful." *Id*. (quoting *Waste Mgmt of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa.1995)). This court approvingly has borrowed a standard put forth by the Seventh Circuit for determining when, in fact, a brief *amicus curiae* is useful. One such instance is when *amici* "ha[ve] unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id*. (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997)). *See also Auto. Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) ("The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties.").

In that vein, *Amici* bring a wealth of knowledge and expertise to bear with regard to the matter at issue, namely the immunity of international organizations and their respective leadership and staff. *Amici* hail from a broad range of disciplines—one former United States Attorney General, one federal judge, several former senior national security officials and diplomats, and two international law professors. *Amici* seek permission to file this Brief, attached as Exhibit A, in order to

better elucidate an intricate area of the law that is not often confronted in the U.S. federal courts. Indeed, the unique and deep perspective of *Amici* will serve as a useful resource for the Court. *Amici* believe strongly that those who provide continuous and systematic support to terrorist organizations are not performing their "official functions," as either diplomats or employees of an international organization.

## CONCLUSION

Therefore, for the reasons described above, this Court should grant leave to *Amici* to file a brief as *Amici Curiae* in the above-captioned case.

GRANTED.

SO ORDERED.

Dated: October 18, 2024
         New York, New York

_____
ANALISA TORRES
United States District Judge