USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/24/2024__

# AMINI LLC

**John W. Brewer**
MEMBER NY BAR

October 23, 2024

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
United States District Courthouse
500 Pearl Street
New York, NY  10007

Re:   **Estate of Kedem, et al. v. UNRWA, et al., 24-cv-4765 (AT)**

Dear Judge Torres:

We represent the Plaintiffs in this action and write the Court to make two separate requests in light of the Government's recently filed reply letter (Doc. No. 38, the "Gov't Reply") of last Friday, October 18.

## I.   REQUEST FOR LEAVE TO FILE LIMITED SUR-REPLY

The Gov't Reply is longer than the Government's original July 30, 2024 letter (Doc. No. 17, the "Gov't Opening Letter"), and, more to the point, raises new arguments in favor of immunity for certain of the Defendants that were not previously raised and thus were not addressed by Plaintiffs in our responsive brief.  (Doc. No. 25, the "Pl. Response").  While courts have considerable discretion in this area, they generally "grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." *Securities & Exchange Commission v. Ripple Labs, Inc*., 2022 WL 329211, *3 (S.D.N.Y. Feb. 3, 2022) (citing authority).  The other approach, of course, is for the Court to disregard any arguments first raised by the Government on reply.  *See*, *e.g*., *Commodity Futures Trading Commission v. Wilson*, 2016 WL 7229056, *10 n. 13 (S.D.N.Y. Sept. 30, 2016).  Here, we suspect the Court may wish to have the fullest possible briefing on the various immunity arguments raised by the Government.

Most significantly (although there may be a few other new arguments raised as well), the Government has raised a statutory immunity claim on behalf of UNRWA for the first time.  The Gov't Opening Letter asserted that UNRWA has treaty-based immunity under the CPIUN but did not argue even in the alternative that UNRWA was protected by the International Organizations Immunity Act ("IOIA"), 22 U.S.C. §288 et seq.  We noted that omission explicitly (Pl. Response at 9 n.4), and accordingly did not brief the reasons why UNRWA would not be entitled to IOIA protection here.  But now (Gov't Reply at 6) the Government claims that UNRWA is protected by the IOIA and that there is no "jus cogens" exception to IOIA immunity.  The law, however, is clear that IOIA immunity (unlike treaty-based immunity) is subject to numerous other exceptions, namely all of the various explicit statutory exceptions to immunity

The Honorable Analisa Torres
October 23, 2024
Page 2

for foreign governments found in the Foreign Sovereign Immunities Act ("FSIA"). *See Jam v. Int'l Fin. Corp.*, 586 U.S. 199 (2019). Indeed, in *Rodriguez v. Pan American Health Organization*, 29 F.4th 706 (D.C. Cir. 2022), the court rejected the immunity arguments of the defendant international organization, which like UNRWA is a UN affiliate, on the basis that the "commercial activity" exception to FSIA, and thus IOIA, immunity covered the plaintiffs' claims.

Because the Government had not previously claimed any IOIA immunity for UNRWA, we did not previously brief the applicability of any of those exceptions, but if the Court is inclined to consider this belatedly-raised argument we believe there are strong grounds for the application of the commercial activity exception here, as in *Rodriguez*, which we should in fairness have the opportunity to brief.

We would propose with the Court's leave to file a short sur-reply addressing only newly-raised issues of no more than 10 double-spaced pages by no later than November 8, 2024.

## II. REQUEST CONCERNING DEFENDANTS AS TO WHOM THE GOVERNMENT DOES NOT SEEK DISMISSAL

The Government has now clarified that it "takes no position on whether the Individual Defendants" are entitled to official-acts immunity with respect to Plaintiffs' claims against them. Gov't Reply at 8. In other words, the Government is only affirmatively asking this Court to dismiss the action on immunity grounds against UNRWA itself and the two individual defendants (Messrs. Lazzarini and Grandi) whom it asserts are separately entitled to "diplomatic" immunity under section 19 of the CPIUN. (See Gov't Reply at 6-7.) This leaves five other individual defendants in this action as to whom the Government does not ask this Court for relief.

As such, we respectfully request that we move forward with the five individual defendants. The two of these five defendants who reside in the United States were served in July, whereas Hague Convention service has not yet been completed for the three international defendants. We propose that the served defendants (who may have been relying on the initial immunity papers and the Court's earlier suspension of another initial deadline) be directed to appear in this action by November 14, 2024.

GRANTED. Plaintiffs shall file their sur-reply by **November 8, 2024**. By **November 14, 2024**, Defendants Margot Ellis and Greta Gunnarsdottir shall appear on the public docket.

SO ORDERED.

Dated: October 24, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge