UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
ESTATE OF TAMAR KEDEM SIMAN TOV, et al.,                         :
                                                                 :
                                    Plaintiffs,                  :
                                                                 :
              - against -                                        :   **Case No. 1:24-cv-4765-AT**
                                                                 :
UNITED NATIONS RELIEF AND WORKS                                  :
AGENCY, PHILIPPE LAZZARINI, PIERRE                               :
KRÄHENBÜHL, FILIPPO GRANDI, LENI                                 :
STENSETH, SANDRA MITCHELL, MARGOT                                :
ELLIS, AND GRETA GUNNARSDOTTIR,                                  :
                                                                 :
                                    Defendants.                  :
---------------------------------------------------------------- X

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

|  |  |
|---|---|
|  | CURTIS, MALLET-PREVOST, COLT & MOSLE LLP |
|  | Kevin A. Meehan<br>Robert Groot<br>Marwa Farag<br>101 Park Avenue |
| Served: New York, NY<br>January 21, 2025 | New York, New York 10178<br>Tel.: (212) 696-6000<br>Fax: (212) 697-1559<br>Email: kmeehan@curtis.com |
|  | *Attorneys for Defendants* |

# TABLE OF CONTENTS

Page(s)

**TABLE OF AUTHORITIES** ................................................................................................. ii
**PRELIMINARY STATEMENT** ............................................................................................ 1
**ARGUMENT** ............................................................................................................................ 2
    I.    Plaintiffs Have the Burden of Establishing Subject Matter Jurisdiction ..................... 2
    II.    UNRWA is Entitled to Absolute Immunity Under the CPIUN ................................... 3
    III.    UNRWA is Entitled to Absolute Immunity Under the IOIA ....................................... 6
    IV.    Lazzarini and Grandi Are Entitled to Diplomatic Immunity ....................................... 7
    V.    The Individual Defendants Must Be Dismissed on Immunity Grounds ..................... 7
    VI.    There Is No *Jus Cogens* Exception to Immunity .......................................................... 9
    VII.    Plaintiffs Are Not Entitled to Discovery .................................................................... 10
    VIII.    This Case Must Be Dismissed for Lack of Personal Jurisdiction ............................. 11
**CONCLUSION** ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Argentine Republic v. Amerada Hess Shipping Corp.*,
   488 U.S. 428 (1989) ............................................................................................ 2, 6, 8

*BG Grp. PLC v. Republic of Argentina*,
   572 U.S. 25 (2014) ..................................................................................................... 3, 4

*Broidy Capital Mgmt. LLC v. Benomar*,
   944 F.3d 436 (2d Cir. 2019) ........................................................................................ 2, 3

*Brzak v. UN*,
   597 F.3d 107 (2d Cir. 2010) .................................................................................... 3, 6, 9

*Carpenter v. Republic of Chile*,
   610 F.3d 776 (2d Cir. 2010) ............................................................................................. 9

*Compania del Bajo Caroni C.A. v. Bolivarian Republic of Venezuela*,
   341 F. App'x 722 (2d Cir. 2009) ..................................................................................... 11

*Compania del Bajo Caroni C.A. v. Bolivarian Republic of Venezuela*,
   556 F. Supp. 2d 272 (S.D.N.Y. 2008) ............................................................................. 11

*Devi v. Silva*,
   861 F. Supp. 2d 135 (S.D.N.Y. 2012) ............................................................................... 9

*EM Ltd. v. Republic of Argentina*,
   473 F.3d 463 (2d Cir. 2007) ............................................................................................ 11

*Federal Republic of Germany v. Philipp*,
   592 U.S. 169 (2021) ............................................................................................ 2, 9, 10

*Freund v. Republic of France*,
   391 F. App'x 939 (2d Cir. 2010) ..................................................................................... 11

*Freund v. Republic of France*,
   592 F. Supp. 2d 540 (S.D.N.Y. 2008) ............................................................................. 11

*Funk v. Belneftekhim*,
   861 F.3d 354 (2d Cir. 2017) ............................................................................................ 11

*Georges v. UN*,
   834 F.3d 88 (2d Cir. 2016) ..................................................................................... passim

*Georges v. UN*,
   84 F. Supp. 3d 246 (S.D.N.Y. 2015) ................................................................................ 2

*Jam v. Int'l Fin. Corp.*,
   586 U.S. 199 (2019) ......................................................................................................... 6

*Kadic v. Karadzic*,
   70 F.3d 232 (2d Cir. 1995) ............................................................................................ 12

*Kashef v. BNP Paribas S.A.*,
   925 F.3d 53 (2d Cir. 2019) ........................................................................................ 9, 10

*Kling v. WHO*,
   532 F. Supp. 3d 141 (S.D.N.Y. 2021) .............................................................................. 9

*Kolovrat v. Oregon*,
   366 U.S. 187 (1961) ......................................................................................................... 4

*Laventure v. UN*,
   279 F. Supp. 3d 394 (S.D.N.Y. 2017) ......................................................................... 2, 4

*Laventure v. UN*,
   746 F. App'x 80 (2d Cir. 2018) ....................................................................................... 2

*Lempert v. Rice*,
   618 F. App'x 3 (D.C. Cir. 2015) ...................................................................................... 4

*Lempert v. Rice*,
   956 F. Supp. 2d 17 (D.D.C. 2013) ................................................................................... 4

*Library of Congress v. Shaw*,
   478 U.S. 310 (1986) ......................................................................................................... 8

*Matar v. Dichter*,
   563 F.3d 9 (2d Cir. 2009) ................................................................................................ 9

*Medellin v. Texas*,
   552 U.S. 491 (2008) ......................................................................................................... 3

*OBB Personenverkehr AG v. Sachs*,
   577 U.S. 27 (2015) ........................................................................................................... 6

*Pablo Star Ltd. v. Welsh Gov't*,
   961 F.3d 555 (2d Cir. 2020) ............................................................................................ 2

*Poindexter v. Nash*,
 333 F.3d 372 (2d Cir. 2003) .................................................................................................. 4

*Process & Indus. Devs. v. Federal Republic of Nigeria*,
 962 F.3d 576 (D.C. Cir. 2020) ............................................................................................. 12

*Republic of Hungary v. Simon*,
 144 S. Ct. 2680 (2024) ........................................................................................................... 3

*Republic of Iraq v. Beaty*,
 556 U.S. 848 (2009) ............................................................................................................... 9

*Rodriguez v. Pan Am. Health Org.*,
 29 F.4th 706 (D.C. Cir. 2022) ................................................................................................ 5

*Rosenberg v. Pasha*,
 577 F. App'x 22 (2d Cir. 2014) .............................................................................................. 2

*Sadikoğlu v. UN Dev. Programme*,
 No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205 (S.D.N.Y. Oct. 14, 2011) ........................ 4

*Saudi Arabia v. Nelson*,
 507 U.S. 349 (1993) ............................................................................................................... 6

*Seijas v. Republic of Argentina*,
 502 F. App'x 19 (2d Cir. 2012) ............................................................................................ 11

*Sikhs for Justice v. Nath*,
 893 F. Supp. 2d 598 (S.D.N.Y. 2012) .................................................................................. 11

*Smith v. Socialist People's Libyan Arab Jamahiriya*,
 101 F.3d 239 (2d Cir. 1996) .................................................................................................. 6

*Sumitomo Shoji Am., Inc. v. Avagliano*,
 457 U.S. 176 (1982) .......................................................................................................... 3, 10

*Tachiona v. United States*,
 386 F.3d 205 (2d Cir. 2004) ................................................................................................ 12

*United States v. Bahel*,
 662 F.3d 610 (2d. Cir. 2011) ................................................................................................. 8

*Waldman v. PLO*,
 835 F.3d 317 (2d Cir. 2016) ................................................................................................ 11

*Winthal v. Mendez*,
  No. 76 Civ. 3161, 1978 U.S. Dist. LEXIS 18322 (S.D.N.Y. Apr. 18, 1978) ............................ 7

*Yousuf v. Samantar*,
  699 F.3d 763 (4th Cir. 2012) ............................................................................................. 9

**Statutes**

22 U.S.C. § 288 ......................................................................................................................... 6

28 U.S.C. § 1604 ....................................................................................................................... 6

28 U.S.C. § 1605 ....................................................................................................................... 6

**Treaties**

Convention on the Privileges and Immunities of the Specialized Agencies,
  Nov. 21 1947, 33 U.N.T.S. 261 .......................................................................................... 4

Convention on the Privileges and Immunities of the United Nations,
  Feb. 13, 1946, 21 U.S.T. 1422 ..................................................................................... passim

UN Charter,
  59 Stat. 1031 ....................................................................................................................... 5

Vienna Convention on Diplomatic Relations,
  Apr. 18, 1961, 23 U.S.T. 3227 ....................................................................................... 7, 11

Vienna Convention on the Law of Treaties,
  May 23, 1969, 1155 U.N.T.S. 331 ...................................................................................... 3

**UN Documents**

Recommendations Presented by the Secretary-General,
  UN Doc. A/116 (Oct. 16, 1946) ......................................................................................... 7

S.C. Res. 1373 (Sept. 28, 2001) ................................................................................................ 6

UN Protocol and Liaison Service, *Senior Officials of the United Nations*,
  UN (Dec. 19, 2024) ............................................................................................................ 7

**Other Authorities**

Brief amicus curiae of United States, *Republic of Hungary v. Simon*,
  Docket No. 23-867 (S. Ct. Sept. 3, 2024) ........................................................................... 3

*Jurisdictional Immunities of the State* (*Germany v. Italy*),
   Judgment, 2012 I.C.J. Rep. 99 (Feb. 3) .................................................................................. 10

**PRELIMINARY STATEMENT**

Plaintiffs proffer nothing to overcome the shared interpretation of the U.S. and UN that UNRWA is a subsidiary organ of the UN entitled to absolute immunity under the CPIUN.[1] That interpretation is confirmed by General Assembly resolutions explicitly stating that UNRWA is entitled to immunity under the CPIUN. It is also supported by uniform caselaw dismissing actions against the UN's subsidiary organs. Plaintiffs cite nothing to the contrary, and instead urge this Court to ignore binding precedent, the views of the U.S. and the many authorities cited by Defendants, and deny UNRWA's immunity. That invitation must be declined.

Plaintiffs assert – without citing any support – that Lazzarini and Grandi hold the "honorary rank" of Under-Secretary-General and are thus not entitled to diplomatic immunity. No such honorific exists. Plaintiffs made it up. The U.S. recognizes Lazzarini and Grandi as diplomats entitled to immunity under the VCDR. They must be dismissed.

Plaintiffs misleadingly assert that the Secretary-General only designated "the *Staff of the Secretariat of* the United Nations" as entitled to immunity under the CPIUN. But the designation actually states that immunity "shall be granted to all members of the staff of the United Nations." The U.S. and UN confirm that this designation covers the Individual Defendants. Plaintiffs also argue that the Individual Defendants are not entitled to immunity because their names were not timely notified to UN Member States under Section 17 of the CPIUN. However, the Second Circuit rejected a similar argument that the immunities conferred by the CPIUN were preconditioned on the UN's compliance with certain obligations under that treaty. *Georges v. UN*, 834 F.3d 88 (2d Cir. 2016). Plaintiffs do not address *Georges*, and the CPIUN does not condition

---

[1] Capitalized terms shall have the meanings ascribed to them in Defendants' opening brief.

immunity on notice under Section 17. In any event, the UN notified the U.S. of the Individual Defendants, and the U.S. confirms that they are entitled to immunity for their official acts.

Plaintiffs assert that an UNRWA press release constitutes a waiver of immunity – even though it made no mention of immunity. A document containing no mention of immunity cannot be construed as a waiver of immunity. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428 (1989). Plaintiffs do not address *Amerada Hess* or cite any authority to the contrary.

Finally, Plaintiffs argue that this Court should create an exception to immunity that applies in any case involving allegations of *jus cogens* violations. That argument is foreclosed by *Federal Republic of Germany v. Philipp*, 592 U.S. 169 (2021), which held that as a matter of international law, a defendant does not lose immunity simply because they are accused of *jus cogens* violations. It is also foreclosed by Second Circuit precedent.

## **ARGUMENT**

### I. Plaintiffs Have the Burden of Establishing Subject Matter Jurisdiction

Contrary to Plaintiffs' assertions, Plaintiffs bear the burden of establishing subject matter jurisdiction. *See Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 444 (2d Cir. 2019); *Rosenberg v. Pasha*, 577 F. App'x 22, 23 (2d Cir. 2014). Courts have uniformly held that plaintiffs bear the burden of demonstrating that UN entities and officials are not entitled to immunity. *Georges v. UN*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016); *Laventure v. UN*, 279 F. Supp. 3d 394, 398 (S.D.N.Y. 2017), *aff'd*, 746 F. App'x 80 (2d Cir. 2018). The U.S. agrees with this interpretation. Dkt. No. 17 at 5.

Plaintiffs rely on *Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555 (2d Cir. 2020), which applied a burden-shifting framework that is unique to the FSIA and derives from the FSIA's legislative history. *Broidy*, 944 F.3d at 443. The Second Circuit recognized that this burden-

shifting framework has been criticized and refused to apply it beyond the FSIA to other forms of immunity. *Id.* at 443-44.[2]

In any event, the U.S. has taken the position that Defendants qualify for immunity. Dkt. No. 17. Nothing more is needed.

## II.   UNRWA is Entitled to Absolute Immunity Under the CPIUN

Plaintiffs concede that there has been no waiver of UNRWA's immunity, and instead argue only that the CPIUN does not confer immunity to subsidiary organs of the UN, such as UNRWA. Pls. Opp. 6-7. It is well-established that treaties must be interpreted to give effect to the intent and shared expectations of the parties. *BG Grp. PLC v. Republic of Argentina*, 572 U.S. 25, 37 (2014). Where the parties agree on an interpretation, that interpretation governs absent extraordinarily strong evidence of a contrary reading. *Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 185 (1982); Vienna Convention on the Law of Treaties, art. 31(3)(a), May 23, 1969, 1155 U.N.T.S. 331. The U.S. and UN agree that UNRWA is a subsidiary organ entitled to absolute immunity under the CPIUN. Dkt. No. 17-1 at 1-3; Dkt. No. 38 at 1-4. Plaintiffs offer no evidence to the contrary.

While Plaintiffs urge the Court to ignore the U.S. position, the Second Circuit has held that the U.S. position on the CPIUN is entitled to "great weight." *Georges*, 834 F.3d at 93; *Brzak v. UN*, 597 F.3d 107, 111 (2d Cir. 2010). Plaintiffs' own cases confirm that the U.S. interpretation of a treaty is entitled to "great weight." *Medellin v. Texas*, 552 U.S. 491, 513 (2008); *Kolovrat v.*

---

[2] The Supreme Court is considering whether to overrule this burden-shifting framework. *Republic of Hungary v. Simon*, 144 S. Ct. 2680 (2024). The U.S. supports overruling it. U.S. Brief, *Hungary v. Simon*, No. 23-867.

*Oregon*, 366 U.S. 187, 194 (1961).[3]  The U.S. position here is consistent with its assertion of immunity of subsidiary organs in other cases.  *See Georges*, 834 F.3d at 91; *Laventure*, 279 F. Supp. 3d at 397; *Lempert v. Rice*, 956 F. Supp. 2d 17, 20, 24 (D.D.C. 2013), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015); *Sadikoğlu v. UN Dev. Programme*, No. 11 Civ. 0294, 2011 U.S. Dist. LEXIS 120205, at *2 (S.D.N.Y. Oct. 14, 2011).

While courts have uniformly held that the UN's subsidiary organs are immune from suit under the CPIUN, Defs. Br. 10-11 (collecting cases), Plaintiffs argue that in two cases, *Georges* and *Laventure*, the plaintiffs did not dispute that subsidiary organs are entitled to immunity.  Pls. Opp. 9.  However, immunity under the CPIUN is a matter of subject matter jurisdiction, *Georges*, 834 F.3d at 98, and courts have an independent obligation to determine their subject matter jurisdiction regardless of any arguments asserted by the parties.  *Poindexter v. Nash*, 333 F.3d 372, 383 (2d Cir. 2003).  Plaintiffs cannot seriously contend that this Court and the Second Circuit have repeatedly abdicated their responsibility to determine their subject matter jurisdiction in the many cases dismissing the UN's subsidiary organs on immunity grounds.

Plaintiffs argue that the U.S. was supposedly unaware that immunity would extend to subsidiary organs, such as UNRWA, when it ratified the CPIUN in 1970.  Pls. Opp. 9-10.  However, the U.S. was undoubtedly aware that the CPIUN conferred immunity to UNRWA as several General Assembly resolutions issued before and after 1970 explicitly said so.  Defs. Br. 12-13 (collecting resolutions).  Plaintiffs ignore these resolutions, and instead rely on Senate testimony that "specialized agencies" were subject to a "separate convention" that was "not before the senate," i.e., the "Convention on the Privileges and Immunities of the Specialized Agencies".

---

[3] While Plaintiffs also cite to *BG*, the U.S. was not a party to the treaty at issue and there was no agreement between the parties on the interpretation of that treaty.  572 U.S. 27.

Dkt. No. 24-1 at 37. Article 57 of the UN Charter defines "specialized agencies" as existing international organizations that are "brought into relationship with the United Nations" through agreements under Article 63 of the Charter. They are distinct from "subsidiary organs" that are defined to include entities, such as UNRWA, created by the General Assembly pursuant to Article 22. UN Charter, arts. 7, 22. Thus, the Senate testimony is irrelevant.

Plaintiffs rely heavily on *Rodriguez v. Pan Am. Health Org.*, 29 F.4th 706 (D.C. Cir. 2022), for the proposition that the UN's subsidiary organs are not entitled to immunity under the CPIUN. Pls. Opp. 6-7. However, that case involved the Pan American Health Organization ("PAHO"), which was created in 1902 – decades before the establishment of the UN.[4] The PAHO did not claim to be a subsidiary organ or invoke immunity under the CPIUN. *Rodriguez* is irrelevant.

Plaintiffs argue that UNRWA should be classified as a "UN-affiliate" based on its supposed "operations and structure." Pls. Opp. 8. "UN-affiliate" is not a term of art. Plaintiffs invented it. By contrast, "subsidiary organ" is defined in the UN Charter to include entities created by the General Assembly pursuant to Article 22 of the Charter. Defs. Br. 12. It is undisputed that UNRWA was created by the General Assembly pursuant to Article 22. Dkt. No. 38 at 2.

It is undisputed that numerous General Assembly resolutions explicitly state that UNRWA is a subsidiary organ. Defs. Br. 12-13. Plaintiffs argue that this Court should ignore those resolutions, and instead hold that UNRWA is not a subsidiary organ because other UN documents do not refer to UNRWA as a subsidiary organ. Pls. Opp. 8. Such documents do not strip UNRWA's status as a subsidiary organ.

---

[4] https://www.paho.org/en/who-we-are/history-pan-american-health-organization-paho.

**III.     UNRWA is Entitled to Absolute Immunity Under the IOIA**

Plaintiffs cannot invoke the FSIA's exceptions to abrogate UNRWA's immunity, which is absolute under the CPIUN and IOIA. Binding precedent holds that the CPIUN – not the FSIA – governs in cases against the UN. *Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 214 (2019); *Brzak,* 597 F.3d at 112; 28 U.S.C. § 1604.

Plaintiffs concede that their argument that the FSIA's waiver exception, 28 U.S.C. § 1605(a)(1), applies where the defendant allegedly engaged in *jus cogens* violations is foreclosed by *Smith v. Socialist People's Libyan Arab Jamahiriya*, 101 F.3d 239, 244-45 (2d Cir. 1996). Security Council Resolution 1373 contains no mention of immunity and thus cannot constitute a waiver under *Amerada Hess*, 488 U.S. at 442-43.

Plaintiffs also argue that the first two clauses of the FSIA's commercial activity exception, 28 U.S.C. § 1605(a)(2), apply because UNRWA allegedly sought funding from UN Member States in New York. Pls. Opp. 17-18. Section 1605(a)(2) only applies to actions that are "based upon" the defendant's commercial activity in the United States. "Based upon" refers to the "gravamen" of the plaintiff's lawsuit – i.e., the "acts that actually injured [the plaintiff]." *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35-36 (2015). "[I]f the 'gravamen' of a lawsuit is tortious activity abroad, the suit is not 'based upon' commercial activity within the meaning of the FSIA's commercial activity exception." *Jam*, 586 U.S. at 215. Here, Plaintiffs allege injuries caused by tortious activity outside of the U.S. While Plaintiffs argue that UNRWA's fundraising led to "subsequent downstream acts" abroad that allegedly benefited Hamas and thus led to terrorist attacks in Israel, Pls. Opp. 18, a suit is not "based upon" a commercial activity in the U.S. merely because that activity led to conduct that injured the plaintiff. *Saudi Arabia v. Nelson*, 507 U.S. 349, 358 (1993).

### IV. Lazzarini and Grandi Are Entitled to Diplomatic Immunity

Lazzarini and Grandi hold the rank of UN Under-Secretary-General and are therefore entitled to diplomatic immunity under the CPIUN and VCDR. Dkt. No. 17-1 at 3; Dkt. No. 50 at 19.[5] Plaintiffs assert without any support that Lazzarini and Grandi hold the "honorary rank" of Under-Secretary-General. Pls. Opp. 25. No such "honorary rank" exists. Plaintiffs invented that distinction and have no good faith basis to oppose dismissal. *Cf. Winthal v. Mendez*, No. 76 Civ. 3161, 1978 U.S. Dist. LEXIS 18322, at *1 n.1 (S.D.N.Y. Apr. 18, 1978).

Plaintiffs no longer contend that the VCDR's commercial activity exception applies, and their request for a *jus cogens* exception to the VCDR immunity is frivolous. *See* Section VI *infra*.

### V. The Individual Defendants Must Be Dismissed on Immunity Grounds

Plaintiffs misleadingly assert that only "the Staff *of the Secretariat of* the United Nations" are entitled to immunity under Section 18 of the CPIUN and argue that the Individual Defendants are not Secretariat staff. Pls. Opp. 20. The Secretary-General's designation actually states that Section 18 immunities "shall be granted to *all members of the staff of the United Nations*." Recommendations Presented by the Secretary-General, at 2, UN Doc. A/116 (Oct. 16, 1946) (emphasis added).[6] That designation applies to the Individual Defendants. Dkt. No. 17 at 7.

Plaintiffs argue that Section 18 immunity is contingent on officials being "made known" to Member States under Section 17. Pls. Opp. 19. However, the CPIUN does *not* impose preconditions to Section 18 immunity. Plaintiffs ignore the Second Circuit's holding in *Georges*, which rejected a similar argument that Section 29 of the CPIUN imposed a precondition on immunity under Section 2. 834 F.3d 93-94. *Georges* held that conditions precedent must be

---

[5] UN Protocol and Liaison Service, *Senior Officials of the United Nations*, UN (Dec. 19, 2024), https://www.un.org/dgacm/en/content/protocol/senior-officials.
[6] https://digitallibrary.un.org/record/784304/files/A_116-EN.pdf.

expressed in plain, unambiguous language. *Id.* Section 2 states that the UN "shall enjoy immunity" indicating that immunity is mandatory in all cases. *Id.* Section 18 also states in mandatory terms that UN officials "shall" be immune without any conditional language.

In any event, the Individual Defendants were "made known" to the U.S. when the UN sent a letter to the U.S. Permanent Representative asserting that the Individual Defendants are UN officials entitled to immunity under the CPIUN. Dkt. No. 17-1 at 3. Plaintiffs assert without any support that this letter was somehow untimely. Pls. Opp. 20. But Section 17 only provides for notice to be given "from time to time" without any deadlines or formalities. CPIUN, art. V, § 17. Furthermore, the U.S. responded by informing the Court that the Individual Defendants qualify for immunity under Section 18. Dkt. No. 17.

Plaintiffs argue that the Individual Defendants' immunities were waived by a press release stating that "[a]ny UNRWA employee who was involved in acts of terror will be held accountable, including through criminal prosecution." Pls. Opp. 24; Dkt. No. 24-16. Alleged waivers of immunity must be narrowly construed. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986). There must be clear evidence of an intent to waive immunity. *Id.* A document "that contains no mention of a waiver of immunity to suit in United States courts" cannot be construed as a waiver of immunity. *Amerada Hess,* 488 U.S. at 442-43. Plaintiffs do not address *Shaw* or *Amerada Hess*. The press release does not mention immunity and thus cannot constitute a waiver of immunity.

Plaintiffs concede that *United States v. Bahel*, 662 F.3d 610 (2d. Cir. 2011), involved an explicit waiver of immunity by the UN. Pls. Opp. 25. *Bahel* does state that "even if [the UN] had not [waived immunity], Bahel himself waived any claim of immunity by failing to raise the issue until the trial was complete." *Id.* at 616. But no such litigation conduct waiver is alleged here.

The Individual Defendants' alleged conduct fell within their official duties. Plaintiffs' sole argument that "official acts" immunity cannot be extended to cases alleging *jus cogens* violations is frivolous. *See* Section VI *infra.*

## VI. There Is No *Jus Cogens* Exception to Immunity

Plaintiffs urge this Court to create an exception abrogating jurisdictional immunity in any case alleging a *jus cogens* violation. Pls. Opp. 21-23, 26-27. That argument is foreclosed by binding precedent holding that immunity applies despite accusations of *jus cogens* violations. *Philipp*, 592 U.S. at 182, 184; *Republic of Iraq v. Beaty*, 556 U.S. 848, 851 (2009); *Carpenter v. Republic of Chile*, 610 F.3d 776, 779 (2d Cir. 2010); *Matar v. Dichter*, 563 F.3d 9, 14-15 (2d Cir. 2009); *Kling v. WHO*, 532 F. Supp. 3d 141, 153 (S.D.N.Y. 2021); *Devi v. Silva*, 861 F. Supp. 2d 135, 142 (S.D.N.Y. 2012).

Plaintiffs rely exclusively on *Yousuf v. Samantar*, 699 F.3d 763 (4th Cir. 2012). That case is not good law in light of *Philipp*. It was never the law in the Second Circuit and is an outlier decision. *See Rosenberg*, 577 F. App'x at 24; *Matar*, 563 F.3d at 14-15; *see also* Defs. Br. 26-27 (collecting cases). While Plaintiffs argue that *Rosenberg* and *Matar* are distinguishable because they involved common law foreign official immunity, so did *Yousuf*. Pls. Opp. 22. The Second Circuit's refusal to create a *jus cogens* exception to common law immunity undermines Plaintiffs' request for a judicially-created *jus cogens* exception to the CPIUN – a treaty that provides absolute immunity to the UN. *Brzak*, 597 F.3d at 112.

Plaintiffs wrongly assert that *Rosenberg* and *Matar* are not good law in light of *Kashef v. BNP Paribas S.A.*, 925 F.3d 53 (2d Cir. 2019). *Kashef* did not involve any immunity issues and does not mention *Matar* or *Rosenberg*. It held that a private commercial entity failed to establish

- 9 -

the act of state doctrine. *Id.* at 59-61. *Kashef* only mentions *Yousuf* in a string-cite in a footnote for the proposition that torture is a *jus cogens* violation. *Id.* at 62 n.7.

Plaintiffs argue that principles of treaty interpretation require this Court to create a *jus cogens* exception to the CPIUN. Pls. Opp. 12. However, the U.S. and UN agree that there is no *jus cogens* exception to any immunity to the CPIUN, and that interpretation governs absent extraordinarily strong evidence of a contrary reading. *See Sumitomo,* 457 U.S. at 185. Dkt. No. 38. Plaintiffs offer no contrary evidence.

Plaintiffs argue – without any support – that granting immunity in cases involving alleged *jus cogens* violations would violate international law. Pls. Opp. 12, 23. However, the Supreme Court has held that, as a matter of international law, "a State is not deprived of immunity by reason of the fact that it is accused of serious violations of international human rights law." *Philipp*, 592 U.S. at 182. *Philipp* adopted the holding of the International Court of Justice ("ICJ") in *Jurisdictional Immunities of the State* (*Germany v. Italy*), Judgment, 2012 I.C.J. Rep. 99, ¶ 91 (Feb. 3). The ICJ held that there is no rule of international law that abrogates immunity where the defendant allegedly engaged in *jus cogens* violations. *Id.* ¶¶ 82-83. It also held that according immunity in such cases does not conflict with *jus cogens* rules. *Id.* ¶ 93. That holding was based on a thorough analysis of all sources of international law and domestic practice. *Id.* ¶¶ 84-90. Thus, the ICJ's definitive statement on international law, adopted by *Philipp*, demolishes Plaintiffs' arguments.

### VII. Plaintiffs Are Not Entitled to Discovery

Plaintiffs request discovery, relying on *Funk v. Belneftekhim*, which states: "Because sovereign immunity thus shields a foreign state from litigation, this court has cautioned that, 'in the FSIA context, discovery should be ordered circumspectly and only to verify allegations of

specific facts crucial to an immunity determination.'" 861 F.3d 354, 366 (2d Cir. 2017) (quoting *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 486 (2d Cir. 2007)). Jurisdictional discovery is only permitted under the FSIA to resolve disputed facts material to the jurisdictional analysis. *Id.*; *Compania del Bajo Caroni C.A. v. Bolivarian Republic of Venezuela*, 556 F. Supp. 2d 272, 282 (S.D.N.Y. 2008), *aff'd*, 341 F. App'x 722 (2d Cir. 2009); *Freund v. Republic of France*, 592 F. Supp. 2d 540, 562 (S.D.N.Y. 2008), *aff'd*, 391 F. App'x 939 (2d. Cir. 2010). Plaintiffs have not identified any disputed material facts and thus cannot meet their burden of justifying discovery. *See Seijas v. Republic of Argentina*, 502 F. App'x 19, 21-22 (2d Cir. 2012). Plaintiffs' request for a fishing expedition must be denied. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 610 (S.D.N.Y. 2012).

## VIII. This Case Must Be Dismissed for Lack of Personal Jurisdiction

Plaintiffs have not served Lazzarini, Grandi, Krähenbühl, Mitchell or Stenseth, and, thus, the Court does not have personal jurisdiction over them. *See Waldman v. PLO*, 835 F.3d 317, 327 (2d Cir. 2016). Plaintiffs do not dispute that service on Lazzarini and Grandi would violate Articles 29 and 30 of the VCDR. Defs. Br. 30. In addition, the CPIUN states that the UN "shall be immune from every form of legal process" and that UN officials are immune from "legal process." CPIUN, arts. II, § 2, V, § 18. Plaintiffs do not dispute that service of process is legal process. Thus, Defendants are immune from service of process.

Plaintiffs' claim that "inviolability" under the CPIUN and VCDR does not have "anything to do with service of process" is wrong. Pls. Opp. 29. The Second Circuit has held that

inviolability precludes service of process. *Tachiona v. United States*, 386 F.3d 205, 223-24 (2d Cir. 2004).[7]

## **CONCLUSION**

The Court should dismiss this action. Defendants reserve all rights and defenses.[8]

Dated: New York, New York
       January 21, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: */s/ Kevin A. Meehan*
Kevin A. Meehan
Robert Groot
Marwa Farag
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Fax: (212) 697-1559
Email: kmeehan@curtis.com

*Attorneys for Defendants*

---

[7] *Kadic v. Karadzic*, 70 F.3d 232 (2d Cir. 1995), is irrelevant. It did not involve the UN or a UN official. Nor did it involve the CPIUN or the VCDR.
[8] Defendants are entitled to a determination of their immunity before litigating any other issues. *See Process & Indus. Devs. v. Federal Republic of Nigeria.*, 962 F.3d 576, 584 (D.C. Cir. 2020).

# CERTIFICATE OF WORD COUNT

Pursuant to Local Civil Rule 7.1(c) of the Rules of this District and Rule IV.D of the Rules of this Court, I hereby certify that the accompanying Reply in Support of Defendants' Motion to Dismiss contains 3,500 words, excluding the parts of the document that are exempted by Rule 7.1(c). This certificate was prepared in reliance on the word-count function of Microsoft Word.

Dated: New York, New York
January 21, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: */s/ Kevin A. Meehan*
Kevin A. Meehan
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Fax: (212) 697-1559
Email: kmeehan@curtis.com

*Attorney for Defendants*