

## Curtis, Mallet-Prevost, Colt & Mosle LLP

Almaty
Astana
Beijing
Bogotá
Brussels
Buenos Aires
Dubai
Frankfurt
Geneva

Houston
London
Mexico City
Milan
Muscat
Paris
Riyadh
Rome
Washington, D.C.

101 Park Avenue
New York, New York 10178-0061

**Telephone +1 212 696 6000**
**Facsimile +1 212 697 1559**
www.curtis.com

**Kevin A. Meehan**
Tel: +1 212 696 6197
Fax: +1 917 368 8835
E-Mail: kmeehan@curtis.com

January 21, 2025

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
United States District Courthouse
500 Pearl Street
New York, NY 10007

Re: *Estate of Tamar Kedem Siman Tov, et al. v. UNRWA, et al.,* 24 Civ. 4765 (AT):
**Opposition to Plaintiffs' Pre-Motion Letter for Alternative Service of Process**

Dear Judge Torres:

Pursuant to III.A.ii of the Court's Individual Practices, Defendants hereby submit their pre-motion letter in opposition to Plaintiffs' request for leave to file a motion for an order authorizing alternative service of process on the United Nations Relief and Works Agency for Palestine Refugees in the Near East ("UNRWA") as well as Philippe Lazzarini, Pierre Krähenbühl, Filippo Grandi, Leni Stenseth, and Sandra Mitchell. Dkt. No. 54. The Court should deny Plaintiffs' request because (1) any motion for alternative service would be futile as Defendants are immune from service of process and (2) Plaintiffs have failed to make any attempt to serve Defendants under traditional methods.

**Granting the Motion Would Violate Defendants' Immunities**

As set out in Defendants' Motion to Dismiss, Defendants are immune from legal process, including from service of process, under the Convention on the Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1422 ("CPIUN"). Dkt. No. 50 at 29-30; CPIUN, art. II, § 2 (establishing immunity of UN from all forms of legal process); CPIUN, art. V, § 18 (establishing immunity of UN officials from legal process); *see also* 22 U.S.C. 288d. The premises of UNRWA are inviolable under the CPIUN. *See* CPIUN, art. II, § 3. In addition, Lazzarini and Grandi are entitled to diplomatic immunity under the CPIUN and the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227 ("VCDR"), which further prohibits service of process under the principle of inviolability. *See* VCDR, arts. 29, 30(1). Indeed, the Second



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

Circuit has held that the inviolability principle precludes service of process. *See Tachiona v. United States*, 386 F.3d 205, 221-22 (2d Cir. 2004); *see also 767 Third Ave. Assoc. v. Permanent Mission of Zaire*, 988 F.2d 295, 301 (2d Cir. 1993).

Plaintiffs do not seriously dispute that service of process would violate the CPIUN and VCDR, and their arguments seeking to abrogate immunity are utterly frivolous. For example, Plaintiffs assert – without any support – that Lazzarini and Grandi merely hold the rank of "honorary" Under-Secretary General of the UN and are thus not entitled to diplomatic immunity. But, as Defendants explain, there is no such honorific title. Pls. Opp. 25-26. Plaintiffs simply made up that distinction. Plaintiffs have no good faith basis for opposing dismissal of Lazzarini and Grandi, and thus it makes no sense to waste time on motions for alternative service on these diplomats. Indeed, given the overwhelming authority in favor of Defendants' immunities, this Court should deny Plaintiffs' request for leave to file a motion for alternative service on immunity grounds without any further briefing. Doing so would both preserve Defendants' immunities and conserve judicial resources, since resolving the pending Motion to Dismiss will likely render the service issue moot. *See Georges v. UN*, 84 F. Supp. 3d 246, 251 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016).

Moreover, Plaintiffs do not cite a single case to support their novel theory that alternative service can be used as an end-around to the immunities conferred by the CPIUN and the VCDR. This court has previously denied requests for alternative service against such defendants precisely because of the important immunity and foreign policy concerns raised in such cases. *See Devi v. Rajapaska*, No. 11 Civ. 6634, 2012 U.S. Dist. LEXIS 12382, at *4-5 (S.D.N.Y. Jan. 31, 2012); *see also Fallahi v. Raisolsadati*, No. 22-CV-7013, 2022 U.S. Dist. LEXIS 169895, at *3 (S.D.N.Y. Sep. 20, 2022) ("[T]he Court is compelled to, and does, deny Plaintiffs' motion for substitute service on the ground that the CPIUN and [VCDR] provide . . . immunity from legal process"). Thus, this Court should reject Plaintiffs' request for leave to move for alternative service.[1]

---

[1] Plaintiffs argue that their attempt to serve UNRWA at its office in Washington, D.C. was effective because that office is leased and located outside the UN Headquarters District. Dkt. No. 54 at 3. However, the principle of inviolability applies to leased premises. *See 767 Third Ave.*, 988 F.2d at 298-99. While the UN Headquarters Agreement confers protections to UN missions in New York, the Headquarters Agreement states that where provisions of that Agreement and the CPIUN relate to the same subject matter "*neither shall narrow the effect of the other*". Agreement Between the UN and the U.S. Regarding the Headquarters of the UN, art. IX, § 26, June 26, 1947, 11 U.N.T.S. 11 (emphasis added). The CPIUN provides that the premises of the UN are inviolable wherever they are located. CPIUN, art. II, § 3. In fact, the General Assembly passed a resolution just last month confirming that UNRWA premises, including premises outside of New York, are inviolable and that UNRWA and its officials are immune under the CPIUN. G.A. Res. ES-10/25, ¶¶ 2, 10, 12, 14, 16 (Dec. 11, 2024), https://documents.un.org/doc/undoc/gen/n24/405/29/pdf/n2440529.pdf.



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

**Plaintiffs Have Failed to Make Reasonable Efforts to Complete Service**

Even putting aside Defendants' immunity, Plaintiffs' pre-motion letter does not demonstrate any basis for alternative service. Before granting alternative service, courts typically require "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Devi*, 2012 U.S. Dist. LEXIS 12382, at *3. These requirements are "necessary to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (citation omitted); *see Baliga v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019) (desiring to move quickly is "no excuse to flout procedural rules, especially without support for [an alternative service] request.").

When a defendant resides in a country that is a signatory to the Hague Convention, "courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under section 4(f)(3)." *SEC v. Cluff*, No. 17-CV-2460, 2018 U.S. Dist. LEXIS 20316, at *5-6 (S.D.N.Y. Jan. 10, 2018) (citation omitted). Consequently, when plaintiffs make no attempt to serve defendants under the Hague Convention, courts typically reject a request for alternative service. *See, e.g., Id.* at *14-16; *Devi*, 2012 U.S. Dist. LEXIS 12382, at *3-5; *Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655, 2020 U.S. Dist. LEXIS 55452, at *40-41 (S.D.N.Y. Mar. 30, 2020) ("plaintiffs must at least attempt service in the proper jurisdiction before asking the Court to provide an alternative to the Hague Convention.").

Here, Plaintiffs have failed to demonstrate *any* effort, let alone a reasonable effort, to serve Defendants. Despite filing this action seven months ago, Plaintiffs have not even attempted to serve Lazzarini, Krähenbühl, Grandi, Stenseth, or Mitchell. Plaintiffs acknowledge that all of these Defendants reside in countries that are signatories to the Hague Convention. Plaintiffs represented to the Court on October 23, 2024 that "Hague Convention service has not yet been *completed*" for the overseas defendants, implying that Plaintiffs had by that time at least *begun* the process. Dkt. No. 40 at 2 (emphasis added). But it is now clear that Plaintiffs have not attempted service under the Convention and are not even prepared to do so.

Plaintiffs complain that service under the Hague Convention would require translations of the pleadings and that certain Defendants reside in countries that have objected to service by postal channels under Article 10 of the Convention. Dkt. No. 54 at 2. However, simply asserting the difficulties of overseas service without evidence or attempts at service is insufficient grounds for alternative service. *See Cluff*, 2018 U.S. Dist. LEXIS 20316, at *15 (finding that "mere[ly] assert[ing] [] delay in service, without any evidence supporting it, is not sufficient"); *Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 116 (finding that blanket statements about the difficulty of overseas service of process without discussing methods used to attempt service did not show a reasonable attempt to effectuate service).



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

The Honorable Analisa Torres
January 21, 2025
Page 4

Plaintiffs also complain that Defendants may object to service under the Hague Convention on immunity grounds. Defendants' position is that this Court should dismiss this case with prejudice on immunity – which would render the service issue moot. *See Georges*, 84 F. Supp. 3d at 251. But the existence of an immunity defense weighs against alternative service and in favor of requiring an attempt of formal service under the Hague Convention. *See Devi*, 2012 U.S. Dist. LEXIS 12382, at *4. Even assuming *arguendo* that Plaintiffs somehow carry their burden of abrogating Defendants' immunities, that does not absolve Plaintiffs of their obligation to properly serve Defendants. *See Waldman v. PLO*, 835 F.3d 317, 327 (2d Cir. 2016). Rather, Plaintiffs still need to effect proper service as they would in any case involving a private individual. If Defendants reside in a country that is a party to the Hague Convention, Plaintiffs must at least attempt service under that Convention.

The decisions that Plaintiffs cite undercut their request because those courts permitted alternative service only after the plaintiffs had actually made efforts to complete ordinary service. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 264 (S.D.N.Y. 2012) (permitting alternative service only after multiple attempts at service); *Ehrenfeld v. Mahfouz*, No. 04 Civ. 9641, 2005 U.S. Dist. LEXIS 4741, at *5 (S.D.N.Y. Mar. 23, 2005) (permitting alternative service where plaintiff hired a firm specializing in international service of process to assist in serving a defendant in Saudi Arabia); *Doe v. Hyassat*, 342 F.R.D. 53, 59 (S.D.N.Y. 2022) (permitting alternative service where plaintiff hired a process server to attempt service at four different addresses and attempted service through Facebook and email); *United States v. Mrvic*, 652 F. Supp. 3d 409, 415 (S.D.N.Y. 2023) (finding reasonable efforts where the plaintiff attempted to serve the defendant's last known address in Serbia, coordinated with the Serbian Ministry of Justice, and conducted internet searches); *Arista Records LLC v. Media Servs. LLC*, No. 06 Civ. 15319, 2008 U.S. Dist. LEXIS 16485, at *6-8 (S.D.N.Y. Feb. 25, 2008) (permitting alternative service of process based on evidence that the signatory country refused to accept any service originating from the U.S.). But here Plaintiffs have done nothing at all.

For the above reasons, Defendants respectfully request that the Court deny Plaintiffs' forthcoming motion for an order authorizing alternative service of process. Defendants reserve all rights, defenses, privileges and immunities, and waive none. For the avoidance of doubt, neither this letter nor the appearance of defense counsel should be construed as a waiver of any kind.

Respectfully submitted,

*/s/ Kevin A. Meehan*
Kevin A. Meehan