UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESTATE OF TAMAR KEDEM SIMAN TOV, et al.,

              Plaintiffs,

- against -

UNITED NATIONS RELIEF AND WORKS AGENCY, PHILIPPE LAZZARINI, PIERRE KRÄHENBÜHL, FILIPPO GRANDI, LENI STENSETH, SANDRA MITCHELL, MARGOT ELLIS, AND GRETA GUNNARSDOTTIR,

              Defendants.

---

**Case No. 1:24-cv-4765-AT**

# THE UNITED NATIONS' RESPONSE TO PLAINTIFFS' REPLY DATED JUNE 13, 2025

Served: New York, NY
June 27, 2025

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

Kevin A. Meehan
Robert Groot
Marwa Farag
101 Park Avenue
New York, New York 10178
Tel.:  (212) 696-6000
Fax:  (212) 697-1559
Email: kmeehan@curtis.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page

**TABLE OF AUTHORITIES** ................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................. 1

**ARGUMENT** ............................................................................................................................. 1

    I.    Plaintiffs Bear the Burden of Establishing Subject Matter Jurisdiction ...................... 1

    II.    UNRWA Is Entitled to the Immunities of the UN ........................................................ 2

        A.    Subsidiary Organs of the UN are Entitled to Immunity ................................... 2

        B.    UNRWA Is Entitled to Absolute Immunity under the CPIUN ........................ 5

            1.    UNRWA is a Subsidiary Organ of the UN ........................................... 5

            2.    UNRWA Is Not a Specialized Agency, and Cannot Be Analogized to One for Immunity Purposes ........................................... 8

            3.    The Sovereign Immunity of Agencies and Instrumentalities of Foreign States Is Irrelevant ...................................................... 9

    III.    Plaintiffs' *Jus Cogens* Arguments Are Improperly Raised and Wrong on the Law ............................................................................................................................. 10

    IV.    Defendants Grandi and Lazzarini are Entitled to Diplomatic Immunity ................... 10

**CONCLUSION** ....................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Cases**

*Bisson v. UN*,
  No. 06 Civ. 6352, 2007 U.S. Dist. LEXIS 54334 (S.D.N.Y. July 27, 2007) ............................ 3

*Broidy Capital Mgmt. LLC v. Benomar*,
  944 F.3d 436 (2d Cir. 2019) ................................................................................................ 1, 11

*Brzak v. UN*,
  597 F.3d 107 (2d Cir. 2009) .............................................................................................. passim

*Georges v. UN*,
  834 F.3d 88 (2d Cir. 2016) ................................................................................................... 2, 10

*Laventure v. UN*,
  746 F. App'x 80 (2d Cir. 2018) ................................................................................................ 10

*Poindexter v. Nash*,
  333 F.3d 372 (2d Cir. 2003) ...................................................................................................... 3

*Shamsee v. Shamsee*,
  74 A.D.2d 357 (N.Y. App. Div. 1980) ....................................................................................... 6

*Sumitomo Shoji Am., Inc. v. Avagliano*,
  457 U.S. 176 (1982) .................................................................................................................. 7

*Turkiye Halk Bankasi A.S. v. United States*,
  598 U.S. 264 (2023) .................................................................................................................. 2

*United States v. Turkiye Halk Bankasi A.S.*,
  120 F.4th 41 (2d Cir. 2024) ....................................................................................................... 9

**Statutes**

22 U.S.C § 254d ............................................................................................................................ 11

**Treaties**

Convention on the Privileges and Immunities of the United Nations,
  Feb. 13, 1946, 21 U.S.T. 1422 ............................................................................................. 3, 4

Vienna Convention on Diplomatic Relations,
  Apr. 18, 1961, 23 U.S.T. 3227 ................................................................................................. 11

**UN Documents**

2000 U.N. Jurid. Y.B., U.N. Doc. ST/LEG/SER.C/38 ....................................................... 4, 5, 6, 9

Pursuant to the Court's order dated May 30, 2025, Dkt. No. 65, Defendants respectfully submit this memorandum of law in response to Plaintiffs' Reply dated June 13, 2025, Dkt. No. 67 (the "Reply").[1]

## PRELIMINARY STATEMENT

The Parties agree that the U.S. Government's Third Statement of Interest is not entitled to deference, and that Defendants' immunities must be determined by the relevant treaties, statutes, and case law. As Defendants have demonstrated in their prior submissions, these authorities make clear that Defendants are entitled to immunity and therefore this case must be dismissed for lack of subject matter jurisdiction.

Plaintiffs' Reply does not seriously address the Government's Third Statement of Interest, but rather rehashes arguments made in Plaintiffs' prior submissions. Defendants have already refuted those arguments as contrary to the plain text of the CPIUN, binding case law, and other authorities. Indeed, the case law demonstrates that courts have uniformly dismissed cases against subsidiary organs of the UN, such as UNRWA, on immunity grounds under the CPIUN. As with their prior submissions, Plaintiffs' Reply simply pretends that this case law does not exist and fails to present a single case to the contrary.

## ARGUMENT

### I.    Plaintiffs Bear the Burden of Establishing Subject Matter Jurisdiction

Plaintiffs maintain that the UN bears the burden of establishing its immunity. Dkt. No. 67 at 5–6. Defendants have already refuted this argument as barred by binding Second Circuit authority. *See Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 444 (2d Cir. 2019); Dkt.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in Defendants' pending Motion to Dismiss. Dkt. No. 50.

No. 50 at 7–9; Dkt. No. 55 at 2–3; Dkt. No. 62 at 4–5. There is no precedent in any case where a court has required any prima facie showing by a defendant asserting immunity under the CPIUN. To the contrary, courts have consistently dismissed cases on immunity grounds under the CPIUN even when the defendants did not appear. *See* Dkt. No. 50 at 8–9 (collecting cases). Regardless, although Defendants have no burden of proof, the UN has submitted letters asserting that the Defendants are entitled to immunity in this case, Dkt. No. 17-1 at 4, and UNRWA has demonstrated its status as a subsidiary organ through numerous UN resolutions and other UN records. *See* Dkt. No. 50 at 12–13; Dkt. No. 62 at 9–11.

Plaintiffs newly argue that *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264 (2023) ("*Halkbank*"), overturns *sub silentio* clear Second Circuit precedent and imposes a burden on Defendants to establish their immunity. *Halkbank* does not even mention any burden of proof. It merely held that the FSIA's grant of subject matter jurisdiction over "nonjury civil actions" against foreign states in 28 U.S.C. § 1330(a) did not prevent courts from exercising jurisdiction in criminal cases against foreign states under 18 U.S.C. § 3231. *Halkbank*, 598 U.S. at 272–75. *Halkbank* is completely irrelevant to this case.

## II. UNRWA Is Entitled to the Immunities of the UN

### A. Subsidiary Organs of the UN are Entitled to Immunity

Plaintiffs maintain without any support that the CPIUN only confers immunity on the UN's principal organs and assert that the position that subsidiary organs are entitled to immunity was "concocted in the middle of this litigation." Dkt. No. 67 at 14. That argument ignores the long line of cases uniformly dismissing the UN's subsidiary organs and its officials on immunity grounds under the CPIUN. *See Brzak v. UN*, 597 F.3d 107, 113 (2d Cir. 2009); *Georges v. UN*, 834 F.3d 88, 90 (2d Cir. 2016); *see also* Dkt. No. 50 at 10–11 (collecting cases). It also ignores

the decades of UN Resolutions recognizing that UNRWA is entitled to immunity under the CPIUN as a subsidiary organ of the UN. Dkt. No. 62 at 9; Dkt. No. 50 at 12–13.

In the face of this overwhelming authority, Plaintiffs fail to identify a single decision that denies CPIUN immunity to any subsidiary organ of the UN. Instead, Plaintiffs falsely assert that all these cases merely "assumed rather than decided" that the subsidiary organs were encompassed within the CPIUN. Dkt. No. 67 at 14. For example, in *Bisson v. UN*, this court expressly rejected the argument that the World Food Programme, a joint subsidiary organ of the UN and the Food and Agriculture Organization, could be carved out of the UN's immunities merely because it was "autonomous" and had "legal capacity" to "contract." No. 06 Civ. 6352, 2007 U.S. Dist. LEXIS 54334, at *22–*28 (S.D.N.Y. July 27, 2007). Regardless, as Defendants have previously demonstrated (and Plaintiffs have not rebutted) (Dkt No. 55 at 4), these courts would not have repeatedly abdicated their responsibility to determine their subject matter jurisdiction. *See Poindexter v. Nash*, 333 F.3d 372, 383 (2d Cir. 2003).

Plaintiffs argue that the CPIUN does not "expressly" grant immunity to subsidiary organs because Sections 2 and 18 of the CPIUN provide that immunity extends to "the United Nations" rather than to "the United Nations and its subsidiary organs." Dkt. No. 67 at 11. However, as Defendants have already demonstrated, the CPIUN's express grant of immunity to "the United Nations" already encompasses both principal and subsidiary organs, which are integral parts of the United Nations, and thus there is no need to separately refer to principal and subsidiary organs in Sections 2 and 18 of the CPIUN.[2] Dkt. No. 50 at 10–11. In fact, Plaintiffs' newly introduced

---

[2] If Plaintiffs' reasoning were correct, the principal organs would likewise be excluded from the CPIUN's immunity because neither Section 2 nor 18 refers to "the United Nations *and its principal organs*." CPIUN, art. II, § 2; art. V, § 18.

exhibit – the 2000 United Nations Juridical Yearbook – confirms that "the term 'the United Nations' refers to the international organization established by the Charter, including all the *principal and subsidiary organs provided for by the Charter or established on the basis of the authority conferred by the Charter*." 2000 U.N. Jurid. Y.B. 355, U.N. Doc. ST/LEG/SER.C/38, Dkt. No. 66-1.

Plaintiffs also assert that references to "representatives of Members to the principal and subsidiary organs of the United Nations" in Sections 11, 12, and 13 of the CPIUN reflects "an obvious concern" that these representatives be distinct from representatives to "the UN itself." Dkt. No. 67 at 11. But the CPIUN nowhere makes this distinction, so there is no evidence of this supposed "concern." Rather, Sections 11 to 13 treat subsidiary organs identically with principal organs and recognize that both are integral parts "of the United Nations." CPIUN, art. IV, §§ 11–13.

Plaintiffs also repeat their mischaracterization of the legislative history of the ratification of the CPIUN as somehow implying that it does not cover subsidiary organs. Dkt. No. 67 at 12. As Defendants have already demonstrated, the Senate testimony states only that "specialized agencies" were not covered because they were subject to a "separate convention" that was "not before the senate," *i.e.*, "CPISA." Dkt. No. 55 at 4; Dkt. No. 24-1 at 37. This testimony is irrelevant. UNRWA is not a specialized agency, and is not included in CPISA. Although Plaintiffs speculate that the Senate somehow misunderstood this testimony as applying to subsidiary organs such as UNRWA, that is implausible given that the U.S. was instrumental in the drafting of the CPIUN and creation of UNRWA and other subsidiary organs, and repeatedly affirmed that UNRWA was entitled to immunity under the CPIUN as a subsidiary organ. Dkt. No. 62 at 9–10, 18–19.

Finally, Plaintiffs argue that the UN should not be allowed to establish subsidiary organs with immunity under the CPIUN from "ordinary torts and breaches of contract" because this would supposedly not be "workable policy" without a "commercial activities" exception to the CPIUN. Dkt. No. 67 at 9. But this policy argument has no basis in the text of the CPIUN and has been rejected by the Second Circuit and other courts, which have consistently applied immunity under the CPIUN to dismiss tort and contract claims against subsidiary organs of the UN and their officials. *See* Dkt. No. 50 at 10–11 (collecting cases).

### B.     UNRWA Is Entitled to Absolute Immunity under the CPIUN

Plaintiffs merely rehash their prior arguments that UNRWA either does not qualify as a subsidiary organ or should not be treated as such for immunity purposes based on its alleged functions. Defendants have already refuted these arguments.

#### 1.     UNRWA is a Subsidiary Organ of the UN

Plaintiffs argue that UNRWA may be separated from the UN for immunity purposes by a series of arbitrary and subjective factual distinctions concerning its financing and activities. Dkt. No. 67 at 11, 13. None of these purported distinctions are relevant under the CPIUN, UN Charter, or case law.

The 2000 United Nations Juridical Yearbook, on which Plaintiffs rely, actually refutes their argument. The Yearbook confirms that under the UN's structure, "one body is a 'subsidiary' of another if it has in fact been established by the other body" and "all such bodies are treated as falling within the scope of the term 'subsidiary organs,' which is used in Article 7 of the Charter." 2000 U.N. Jurid. Y.B. 356, U.N. Doc. ST/LEG/SER.C/38, Dkt. No. 66-1. The Yearbook explains that variations in "structure," "scope of activity," and "method of reporting" do not affect the legal status of subsidiary organs. *Id*. UNRWA is sometimes informally categorized within the UN

alongside certain subsidiary organs (UNDP, UNICEF, UNHCR, WFP, and others) that maintain a level of autonomy within their "mandated activities and in financial matters" but, again, this autonomy does not "formally distinguish them from other United Nations subsidiary organs." *Id*. at 356–57. Thus, the Yearbook confirms that none of Plaintiffs' factual allegations are relevant to UNRWA's legal status as a subsidiary organ.

As already explained, Plaintiffs' position is contrary to binding Second Circuit precedent as well as numerous other cases that have uniformly recognized the immunity of subsidiary organs with similar features to UNRWA. *See* Dkt. No. 50 at 10–11 (collecting cases). None of these decisions considered as relevant the arbitrary factors that Plaintiffs advocate, but rather upheld immunity based solely on the fact that the defendant was created as a subsidiary organ under the UN Charter. While Plaintiffs rely on *Shamsee v. Shamsee*, 74 A.D.2d 357 (N.Y. App. Div. 1980), *aff'd*, 53 N.Y.2d 739 (N.Y. 1981), that case actually rejected arguments substantially similar to those made by Plaintiffs. *Shamsee* found the United Nations Joint Staff Pension Fund and its secretary immune under the CPIUN, stating that the "contention that the fund is a commercial entity, distinct from the United Nations proper, does not withstand scrutiny." *Id.* at 362. Instead, the court held that the pension fund was "an organ of the United Nations" and "that its assets, although held separately from other United Nations property, are the property of that international organization" and were therefore immune from attachment under the CPIUN.[3] *Id.* at 361.

Plaintiffs repeat their mischaracterization that Resolution 302 (IV) (1949), which called upon nations to accord UNRWA the same immunities that had been granted to its predecessor organization, is somehow inconsistent with UNRWA's immunities as a subsidiary organ. Dkt.

---

[3] Plaintiffs' reference to out-of-circuit law on "arm of the state" Eleventh Amendment immunity of constituent States is irrelevant. Dkt. No. 67 at 16.

No. 67 at 17–18. Plaintiffs again misunderstand Defendants' point that Member States who had not yet ratified the CPIUN at this early stage would not necessarily have recognized the UN's immunities under that treaty. Resolution 302 – which was passed in 1949 just a few years after the CPIUN was registered in 1946 – as worded makes perfect sense. Regardless, Resolution 302 (IV) plainly recognizes that UNRWA is entitled to immunity and admonishes nations to recognize this immunity. Numerous subsequent resolutions and other UN documents (which Plaintiffs fail to address) explicitly confirm that UNRWA is entitled to immunity under the CPIUN as a subsidiary organ of the UN. Dkt. No. 50 at 12–13; Dkt. No. 62 at 9–11.

Plaintiffs also summarily disregard UN Member States' overwhelming recognition of UNRWA as a subsidiary organ of the UN entitled to immunity under the CPIUN. Dkt. No. 67 at 18–19. But this recognition demonstrates that parties to the CPIUN interpret it as according immunity to UNRWA as a subsidiary organ of the UN. Such interpretations by the treaty parties are clearly relevant. *See Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 185 (1982).

Plaintiffs falsely assert that "the UN's own official organizational chart (Doc. No. 24-4) says that [UNRWA] is not a subsidiary organ." Dkt. No. 67 at 13. As an initial matter, the chart is merely an informal document that explicitly states that it is meant "for informational purposes only." The chart provides various categories of subsidiary organs with examples in each category. Plaintiffs rely on the fact that UNRWA is listed in the "Other Entities" category, but the Second Circuit held that officials of another subsidiary organ in this category – UNHCR – were immune under the CPIUN. *See Brzak*, 597 F.3d at 110. Courts have held other organizations on that chart, including UNDP, UNICEF, and WFP, to be immune under the CPIUN. *See* Dkt. No. 50 at 10–11 (collecting cases). Tellingly, UNRWA is not listed as a specialized agency. Thus, if anything, the

organizational chart further confirms that UNRWA is a subsidiary organ entitled to immunity under the CPIUN.

### 2. UNRWA Is Not a Specialized Agency, and Cannot Be Analogized to One for Immunity Purposes

Plaintiffs concede that UNRWA is not a specialized agency under the UN Charter because it was not established by separate "intergovernmental agreement" nor "brought into relationship" with the UN under Articles 57 and 63 of the UN Charter. Plaintiffs nevertheless insist that UNRWA is "analogous" to a specialized agency and can therefore be treated as such for immunity purposes. Dkt. No. 67 at 11. This proposed novel exception to CPIUN immunity based on an entity's supposed functions is precluded by binding Second Circuit precedent holding that "the CPIUN unequivocally grants the United Nations absolute immunity without exception." *Brzak*, 597 F.3d at 112.

Plaintiffs do not address this binding case law. Nor do they identify any authority suggesting that domestic courts can abrogate a defendant's absolute immunity under the CPIUN by ignoring its status as a subsidiary organ of the UN and treating it as a specialized agency.

Regardless, Plaintiffs' proposed analogy is baseless because the UN Charter does not in any way limit the functional or structural characteristics of subsidiary organs. Plaintiffs falsely assert that the Yearbook draws an "analogy" between specialized agencies and subsidiary organs such as UNDP, UNICEF, UNHCR, and UNRWA.[4] It does no such thing. Rather, it notes only that the activities of these organs "resemble those of specialized agencies," but clarifies that this

---

[4] Courts have held that UNDP, UNICEF and UNHRC are entitled to immunity under the CPIUN. *See Brzak*, 597 F.3d at 113; *see also* Dkt. No. 50 at 10–11 (collecting cases).

superficial resemblance does not legally conflate these organs with specialized agencies. 2000 U.N. Jurid. Y.B. 357, U.N. Doc. ST/LEG/SER.C/38, Dkt. No. 66-1.

### 3. The Sovereign Immunity of Agencies and Instrumentalities of Foreign States Is Irrelevant

Plaintiffs falsely accuse Defendants of raising a "red herring" by drawing an analogy between subsidiary organs of the UN and agencies and instrumentalities of foreign states. Defendants drew no such analogy. Rather, the U.S. Government proposed this analogy in its Third Statement of Interest. Dkt. No. 59 at 3, 5–6, 8. Defendants strongly disagreed because the "UN is not a foreign state and any statutory distinctions under the FSIA are completely irrelevant." Dkt. No. 62 at 19. Defendants also pointed out that the premise of the Government's proposed analogy was deeply flawed because the FSIA defines "foreign state" to include any "agency or instrumentality of a foreign state" and accords them immunity. *See id.* Plaintiffs agree that this issue is a "red herring," stating that "[t]he CPIUN is not the FSIA, and the UN is not a 'foreign state' within the definition of the FSIA." Dkt. No. 67 at 8.

Ironically, although Plaintiffs concede that the Government's analogy to agencies and instrumentalities under the FSIA is inapt, they nevertheless assert that U.S. common law on the immunity of foreign states from criminal prosecution is somehow relevant to this Court's interpretation of the CPIUN. Dkt. No. 67 at 8. This is just as much, if not more, of a "red herring" as the FSIA. Plaintiffs rely on *United States v. Turkiye Halk Bankasi A.S.*, 120 F.4th 41 (2d Cir. 2024), which held that common law grants foreign state agencies and instrumentalities immunity from criminal prosecution with respect to governmental conduct but not with respect to commercial activities. *See id.* at 55. This case has no application here because Defendants are not foreign states and their immunity is governed by the CPIUN, not common law. Plaintiffs' argument is precluded by binding Second Circuit precedent holding that "the CPIUN

unequivocally grants the United Nations absolute immunity without exception." *Brzak*, 597 F.3d at 112; *see also Georges*, 834 F.3d at 93–94, 97 n.48; *Laventure v. UN*, 746 F. App'x 80, 82 (2d Cir. 2018).[5]

Plaintiffs next argue that because the CPIUN does not specify that the UN's "agencies and instrumentalities" are entitled to immunity, this is a "clear textual sign" that they are not. Dkt. No. 67 at 8. This is wrong. As set out in the UN Charter, the UN is composed of principal and subsidiary organs. The UN does not establish "agencies and instrumentalities." It is absurd to suggest that the CPIUN should have granted immunity to organizational forms that do not exist within the UN.

### III. Plaintiffs' *Jus Cogens* Arguments Are Improperly Raised and Wrong on the Law

Plaintiffs improperly use their Reply to reargue their position that this Court should create a *jus cogens* exception to CPIUN immunity. Dkt. No. 67 at 4, 19. However, Defendants have already addressed these arguments and demonstrated that binding Supreme Court and Second Circuit precedent forecloses Plaintiffs' proposed exception. Dkt. No. 55 at 9–10.

### IV. Defendants Grandi and Lazzarini are Entitled to Diplomatic Immunity

Plaintiffs falsely assert that the Government's Third Statement of Interest did not address the diplomatic immunity defenses of Defendants Lazzarini and Grandi. In fact, the Government conceded that Mr. Grandi would be immune under *Brzak* "[t]o the extent [his] current position entitles him to diplomatic immunity." Dkt. No. 67 at 19 n.7. *Brzak* recognized that all UN officials serving at the level of Assistant Secretary-General and higher are entitled to diplomatic immunity and affirmed dismissal of the claim against the then UN High Commissioner for Refugees Ruud

---

[5] While *Halk Bankasi* is irrelevant, Plaintiffs' case is not predicated on any commercial activity by Defendants. *See* Dkt. No. 50 at 18–19; Dkt. No. 55 at 6; Dkt. No. 59 at 5, 9.

Lubbers. 597 F.3d at 113. Mr. Grandi is the current UN High Commissioner for Refugees and holds the higher rank of Under-Secretary-General of the United Nations. Dkt. No. 50 at 19; Dkt. No. 62 at 24. Therefore, as the Government has effectively conceded, Mr. Grandi is entitled to diplomatic immunity.

Plaintiffs' assertion that they are not suing Mr. Grandi for acts taken in his capacity as UN High Commissioner for Refugees (Dkt. No. 67 at 19 n.7) is irrelevant because current diplomatic envoys enjoy absolute immunity from civil and criminal process. VCDR, art. 31(1); 22 U.S.C. § 254d; *Brzak*, 597 F.3d at 113. The Government correctly recognizes that diplomatic immunity would shield Mr. Grandi from suit "even though his relevant conduct predated his time at UNHCR." Dkt. No. 59 at 9 n.7.

Defendants have already refuted Plaintiffs' artificial distinction that Defendants Grandi and Lazzarini hold the "rank" of Under Secretary-General without serving in that "role." Dkt. No. 50 at 21; Dkt. No. 55 at 7. Plaintiffs now assert that the ranks of Defendants Grandi and Lazzarini have "never actually been established by any record evidence." Dkt. No. 67 at 20. This demonstrates a misunderstanding of the burden of proof on diplomatic immunity. *Broidy*, 944 F.3d at 444. Regardless, Defendants previously cited a publicly available list on the UN's website of all senior officials of the United Nations that designates Defendants Grandi and Lazzarini as Under-Secretaries-General. Dkt. No. 55 at 7 n.5.

Finally, Defendants reject Plaintiffs' absurd accusation that the UN assigned the rank of Under-Secretary-General to senior UN officials as an "attempt to defraud third parties such as this Court." Dkt. No. 67 at 20. If true, this would make the Government a party to this "fraud" because it has twice described Defendants Grandi and Lazzarini as Under-Secretaries-General of the United Nations (Dkt. No. 17 at 6; Dkt. No. 38 at 6–7) and has not changed this position.

- 11 -

## **CONCLUSION**

The Court should dismiss this action. Defendants reserve all rights and defenses.

Dated: New York, New York
       June 27, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By:  */s/ Kevin A. Meehan*
Kevin A. Meehan
Robert Groot
Marwa Farag
101 Park Avenue
New York, New York 10178
Tel.:   (212) 696-6000
Fax:   (212) 697-1559
Email: kmeehan@curtis.com

*Attorneys for Defendants*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Civil Rule 7.1(c) of the Rules of this District and Rule III.D of the Rules of this Court, I hereby certify that the accompanying Response to Plaintiffs' Reply contains 3,489 words, excluding the parts of the document that are exempted by Rule 7.1(c). This certificate was prepared in reliance on the word-count function of Microsoft Word.

Dated: New York, New York
       June 27, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: _/s/ Kevin A. Meehan_
Kevin A. Meehan
101 Park Avenue
New York, New York 10178
Tel.:   (212) 696-6000
Fax:    (212) 697-1559
Email:  kmeehan@curtis.com

*Attorney for Defendants*